DANIEL KENT'S ADM'RS *vs.* ROBERT B. WILKINSON.—
*December,* 1833.

In an action of *assumpsit,* under the plea of limitations, the plaintiff proved, that the defendant, an administrator, in answer to a demand for payment, said, "he thought the debt had been paid, and he thought he could produce the receipts; if he could not produce the receipts, and it was correct, it should be paid." HELD, that it was incumbent on the plaintiff to prove the debt before he could avail himself of the promise.

Whether, where there are two or more administrators, the promise of one, if absolute, is sufficient to take the case out of the act of limitations.—*Quere.*

APPEAL from *Calvert County Court.*

The appellee on the 4th of April, 1831, sued the appellants, *James Kent* and *Daniel Kent,* as admr's of *Daniel Kent,* in *Assumpsit,* to recover the value of certain services rendered to their intestate in his life-time, in August, 1827. The defendant pleaded *non assumpsit,* and limitations.

At the trial the plaintiff proved, that some time in the spring of 1830, the witness called on *James Kent,* one of the administrators of *Daniel Kent,* and presented him the account, on which this action is brought, and asked for payment thereof. The administrator observed he thought it had been paid, and he thought he could produce the receipts. If he could not produce the receipts, and it was correct, it should be paid. Upon this evidence, the plaintiff prayed the court to instruct the jury, that if they believed it, the plea of limitations was no bar to a recovery in this action. Which instruction, (KILGOUR, A. J.) gave, and the verdict and judgment being for the plaintiff, the defendants appealed.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, STEPHEN, ARCHER, and DORSEY, J.

*Brewer* and *Stonestreet,* for the appellants.

1. The promise of *Kent,* the administrator, would not be sufficient to take the case out of act of limitations, even if the existence of the claim had been previously proved, which has not been done.

2. But the promise here, was conditional. It was to pay the account, if correct; and there is no proof of its correctness. It is like a promise to pay a claim, if it be proved; in which case proof of the claim is indispensable. *Blanch. on Lim.* 62. *Oliver vs. Gray,* 1 *H. and G.* 216.

*Boyle and Gill,* for the appellee.

1. The only condition annexed to the promise, is a condition which it was incumbent on the defendant to perform; it was to produce receipts. *Oliver vs. Gray,* 1 *H. and G.* 204.

2. The original indebtedness of the defendent's intestate, need not be proved. The proof offered was applicable only to the issue upon the plea of limitations; and that issue admits the original indebtedness, and places the defence upon the lapse of time. The original liability of the party then, being admitted by the plea; the promise shows it to be a subsisting liability. That is, it was acknowledged to be so, unless receipts could be produced.

MARTIN, J. delivered the opinion of the court.

The evidence contained in the bill of exceptions, in this case, is not sufficient to take it out of the statute of limitations. It is not an acknowledgment of a subsisting debt, nor an unqualified promise to pay it. At most, it is only a promise to pay if the plaintiff prove the debt to be correct; or in substance, prove the debt, and I will pay it; accompanied with a declaration that he believed the debt was paid.

It was incumbent on the plaintiff to prove the debt, before he could avail himself of the promise, in the manner he has attempted to do in this cause. *Oliver vs. Gray,* 1 *Harr. and Gill,* 216.

The court do not mean to express an opinion, that where there are two or more administrators, the promise of one, if absolute, is sufficient to take the case out of the statute of limitations. It is not necessary to decide that point in this case, as now presented; and not having been relied on in in the argument, has not been considered by the court.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.