(Decided July 10th, 1865.)

---

JOHN KETTLEWELL vs. CHARLES P. PETERS, Administrator of JAMES S. PETERS.

PRACTICE: MOTION TO NON-SUIT.—The plaintiff, as administrator of his father, brought an action against the defendant. After the jury had been sworn, and the plaintiff had in part offered his evidence, the defendant moved the Court to *non-suit* the plaintiff, on the ground that the suit ought to have been instituted in the name of the heirs-at-law of the deceased,— HELD:

That this motion, being contrary to the practice established in this State, was properly overruled, however sufficient the reasons might have been for defeating the action, if presented in another form.

Kettlewell *vs.* Peters, Admr. of Peters.

APPEAL from the Court of Common Pleas of Baltimore city.

The plaintiff, as administrator of his father, brought this action to recover the value of certain peach trees. The contract for the trees was made by the plaintiff, in March 1857. The farm and nursery whereon the trees were growing, was owned in fee-simple by James S. Peters, who died on the 12th of October 1856.

At the trial of the cause, after the plaintiff had offered part of his evidence, the defendant moved the Court to *non-suit* the plaintiff, on the ground that the suit ought to have been instituted in the name of the heirs-at-law of the deceased. The Court (MARSHALL, J.) overruled the motion, and the defendant excepted, and took this appeal.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*William B. Bond*, for the appellant:

It will be contended, for the appellant:

1st. That, *prima facie*, trees of every description, growing in the soil at the time of the death of the fee-simple owner, intestate, descend to the heirs-at-law, and that the representatives of the personal estate have no interest whatever in such trees.

2nd. That whatever exceptions, to this rule of law, may have been established in favor of the personal representatives of nursery-men and gardeners, who were mere tenants, holding leasehold estates in the soil, that, as between the heir and the executor, no such relaxation of the common law rule exists. *Lee vs. Risdon,* 7 *Taunt.,* 190. *Miller vs. Baker,* 1 *Metcalf,* 27, 33. *Coombs vs. Jordan,* 3 *Bland Ch. Rep.,* 311, 312.

It may be contended by the appellee, that the prayer of the appellant is erroneous, in asking the Court to *non-suit* the plaintiff. On this point the appellant will contend, that whenever the plaintiff's own evidence shows that he is not

40    v.23.

entitled to recover, the *non-suit* is not only proper, but that it is the practice. *Talbot vs. Clark*, 8 *Pick.*, 51. *Rose vs. Learned*, 14 *Mass.*, 153, 154. *Wilkinson vs. Scott*, 17 *Mass.*, 249. *Hoyt vs. Gilman*, 8 *Mass.*, 335. *Inhabitants of Lanford vs. Emory*, 2 *Maine Rep.*, 5. *Perly vs. Little*, 3 *Maine Rep.*, 97.

In the case of *Parran vs. Graham*, 5 *G. & J.*, 489, Judge BUCHANAN is made to say, that a plaintiff cannot be *non-suit* against his consent, (a jury being sworn,) but the Court of Appeals reverse the judgment on the very ground on which the *non-suit* is prayed, to wit: on the ground that one of the parties was both plaintiff and defendant. If it were true that a plaintiff cannot be *non-suit* against his consent, his consent must always be presumed, since the *non-suit* enables him to renew his action, and in this case no objection appears to have been made by the plaintiff. But there appears to be no established practice in Maryland on the subject; the case of *Parran vs. Graham*, is not satisfactorily reported, and is the only case I have seen reported in Maryland on the question.

*D. H. Hoopes*, for the appellee:

The only ground of complaint by the defendant is, that the Court refused to *non-suit* the plaintiff. The doctrine on this subject is well settled. A plaintiff is in no case compelled to be *non-suited;* he has a right to insist that the matter be left to a jury. *Graham vs. Harris*, 5 *G. & J.*, 497. 2 *Tidd's Practice*, 869. Even the Courts of the United States have no authority to order a peremptory *non-suit*. The plaintiff has, they say, a right by law to a trial by a jury, and to have the case submitted to them. *Elmore vs. Greymes*, 1 *Pet.*, 471. *D'Wolf vs. Rayband, et al.*, 1 *Pet.*, 497. *Crane vs. The Lessee of Marris*, 6 *Pet.*, 598. *Silsby vs. Foote*, 14 *How.*, 218.

Again, the record shows that this suit was brought to recover the value of certain peach trees taken from a nursery belonging to the estate of James S. Peters, deceased; that

the contract was made by the defendant with Charles P. Peters, his administrator. These peach trees, being planted as a crop, expressly for the purpose of being removed, were emblements or personal property, and, of course, belonged to the administrator. *Evans vs. Iglehart,* 6 *G. & J.,* 191. By emblements, is understood crops planted or sown, and growing upon the land. 1 *Bouvier's Law Dict.,* 465. *Grady's Law of Fixtures,* 83.

Where trees, shrubs and other produce are planted with an express view to sale, by gardeners and nursery-men, in their ground, they are emblements, and are removable by them, or their executors or administrators. *Lomax on Exrs.,* 418, 419.

In *Penhatlon vs. Dwight,* 7 *Mass.,* 35, the Court say: "We have no doubt that corn, or any other product of the soil, is personal estate, and goes to the executor, and not to the heir." By the common law, where the deceased was seized in fee-simple, his personal representatives are entitled, in all cases, to the emblements. 1 *Lomax on Exrs.,* 420. Where the deceased was seized in fee-simple of the land, his personal representatives are entitled to the emblements, as against the heir. 2 *Law Lib. Grady's Law of Fixtures,* 84.

The doctrine of emblements extends not only to corn and annual profit, but to every thing of an artificial and annual profit that is produced by labor and manurance. 1 *Wms. on Exrs.,* 494. 1 *Lomax on Exrs.,* 418, *Grady's Law of Fixtures,* 83.

When the occupier of land, whether he be the owner of the inheritance, or of an estate determinable with the owner's life, has sown or planted the soil with the intention of raising a crop of such a nature as required annual labor, and dies before harvest time, the law gives to his executors or administrators the profits of the land. 1 *Wms. on Exrs.,* 492. Hops, although springing from old roots, are considered as emblements, because they are annually manured, and require cultivation. 1 *Lomax on Exrs.,* 418.

These well established principles of law clearly show that the trees in this nursery belonged to the personal estate of James S. Peters, deceased, and his administrator having sold them to the defendant, could alone sue to recover their value, and that whether the administrator could sue or not, no non-suit could be entered in the case against the plaintiff's wishes.

BOWIE, C. J., delivered the opinion of this Court:

The appellee, plaintiff below, declared against the appellant—1st, for goods bargained and sold by the plaintiff to the defendant; 2nd, work done and materials provided by the plaintiff for the defendant, at his request; 3rd, money lent; 4th, money paid; 5th, money received; 6th, account stated. To all which the appellant pleaded "he never was indebted as alleged." A jury being impannelled upon the issues joined, the plaintiff, to maintain his action, proved that the contract made for two thousand peach trees, the value of which was sought to be recovered in this suit, was made by the defendant with one Charles S. Peters, (the appellee,) in the month of March 1857; that the farm and nursery whereon the said trees were grown, was held in fee-simple by James S. Peters, father of the plaintiff, who had died intestate on the 12th of October 1856; whereupon the appellant moved the Court to non-suit the plaintiff, on the ground that the suit ought to have been instituted in the name of the heirs-at-law of the deceased, but the Court overruled the motion of the appellant, to which he excepted, and prayed this appeal.

Whatever may be the mode of proceeding in other States, this is not adopted in Maryland. The Court may, in its discretion, content itself with a simple refusal of any prayer not sanctioned by the rules of law. *Md. Ins. Co. vs. Bathurst*, 5 *G. & J.*, 159. When the Court cannot grant the entire prayer as made, though a portion of it, in a seperate distinct form, might have been given, it is not error to reject the whole. *Doyle vs. The Comrs. of Balto. Co.*, 12 *G.*

*& J.*, 484. *Gray vs. Cook*, 12 *G. & J.*, 236. The motion of the defendant below, being contrary to the practice established in this State, was properly overruled, however sufficient the reasons might have been for defeating the action, if presented in another form, upon which we do not mean to express an opinion in this case. A *non-suit* must be the voluntary act of the plaintiff. *Evans' Prac.*, 314. "The expressions common in English books, that the Judge directed a *non-suit*, and others of a similar import, mean no more than this, that the Judge expressed in that form of words his opinion that the plaintiff was not entitled to recover, and that the party submitted to a *non-suit* rather than the Judge should enforce his opinion by a direction to the jury as to the verdict." *Id.*, 315. 14 *How.*, 222, and authorities there cited.

The case of *Graham & Parran, vs. Harris, Parran & Co.*, 5 *G. & J.*, 497, is conclusive on this point. After showing that the Court of Appeals could not reverse the Court below, on certain points which had not been raised below, the Chief Justice (BUCHANAN) continues thus: "But the appellants proceeded to move the Court to *non-pros.* the action, *on the ground* that *Parran*, one of the appellees, was both a legal plaintiff and a defendant on the record; which, according to the practice of this State, (*a jury having been sworn*,) the Court properly refused to do, *without the consent of the appellees;* but proceeded to decide that the action might be sustained. In which we think the Court clearly erred. A man cannot bring an action at law against himself. The same natural person cannot be both plaintiff and defendant on the record."

The learned counsel for the appellant supposes Chief Justice BUCHANAN "has been made to say" what he did not intend, as he reversed the Court below for deciding the action could be maintained where the same natural person was both plaintiff and defendant, and yet declared they were right in refusing to *non-pros.* the plaintiff on that ground. The reason for this course is given by the learned Judge in

the parenthesis, ("a jury having been sworn,") the motion, according to the practice in this State, was properly refused. If such a motion could not be granted in such an extreme case, it could not be entertained in any, at that stage of the cause. Whether the action could be maintained or not, was another and distinct question. The Chief Justice held the Court below was right in refusing the motion to *non-pros.* after the jury was sworn, but were wrong in deciding the action could be maintained.

So in the present instance, the motion to *non-suit* the plaintiff, and the reasons on which it is based, are entirely independent. According to the authorities, the motion was untenable, notwithstanding the plaintiff might not have been entitled to recover. The bill of exceptions, therefore, presents nothing but the question, whether there was error in refusing the motion; that being determined, it is unnecessary and improper to examine other points which were not necessarily involved.

*Judgment affirmed.*