Mr. Justice Hagner
delivered the opinion of the Court:
This is a suit at law brought by Jackson against Merritt and the executors of Marini. The amended declaration *277 alleged that Merritt and Marini, with other persons named, were the incorporators of the Chesapeake Fire Insurance Company of the- District of Columbia, formed for the purpose of carrying on a general insurance business within the District; that the affairs of the company were managed by directors or trustees and Merritt and Marini were of the number; that at the date named the plaintiff was the owner of a house in the town of Bartow, in Florida, in which he had an insurable interest; that on the 2d of August, 1886, he obtained a policy of insurance from this insurance company for $1,000 on the property, which in the October following, was destroyed by fire; that due proof of loss was made, but the insurance company refused to pay; that thereupon suit was brought against the company in the Circuit Court, and in February 1888, a judgment rendered against the company for the amount claimed; that subsequently execution was issued thereon, which was returned nulla bona; that Sec. 562 of the Revised Statutes of the District of Columbia provides that the president and a majority of the trustees of every such insurance company shall, within thirty days after the payment of the last instalment of capital stock, make a certificate stating the amount of the capital so fixed and paid in, to be signed and sworn to by the president and a majority of the trustees, and recorded in'the office of the Recorder of Deeds of the District of Columbia; and by Sec. 566 every such company shall annually, within twenty days from the 1st of January, make a report, which shall be published in the newspapers of the District, stating the amount of its capital, and the proportion actually paid in, and the amount of existing debts, which report shall be signed by the president and a majority of the trustees, verified by the oath of the president and secretary of the company, and filed in the office of the Recorder of Deeds of the District; and that by Sec. 567 it is provided that if any company should fail to comply with the provisions of the preceding section all the trustees of such company shall be jointly and severally liable for the debts of the company then existing, and for all that shall be contracted before such report shall be made.
*278 The declaration then avers that no such reports were made and that these provisions were in no way complied with up to the time of this suit, and therefore the defendant Merritt, one of the original incorporators and trustees, and the defendants, Clifford and Colliere, as the representatives of Marini, a deceased trustee, are liable, and the suit is brought to recover the amount of the policy from the said defendants.
Several pleas of different descriptions were filed and passed upon, and the case finally went to trial.
The plaintiff having opened his case to the jury, adduced all his evidence then at hand, and there rested. Whereupon the defendants, the executors of Marini, and the defendant Merritt, severally moved the court to instruct the jury to return a verdict in their favor; which motions were argued, and the court took the same under advisement. The presiding justice, thereafter, on the 9th of 'February 1892, read an opinion, in which he examined, seriatim, the objections made by the defendants to the right of the plaintiff to recover, and overruled them all, except that which was based upon the alleged absence of any proof of indebtedness by the insurance company to the plaintiff, concluding with this language:
“I am, therefore, reluctantly forced to conclude on this one question of indebtedness prior to defendants’ ceasing to be trustees, the plaintiff has made no proof, and that defendant’s motion must be granted.”
The next entry in the record is: “And thereupon the court respited the jury until the 15th day of February, A. D. 1892, and gave leave to the plaintiff to consider what they should do; to which said defendants then and there objected, and thereupon, on the said day, the trial being resumed, the plaintiff, without offering any. other or further proof on his behalf, moved the court for leave to the plaintiff to have a judgment of non-suit entered in said cause, with leave reserved to said plaintiff at another day to move to have the same set aside; to which motion the defendants, by *279 their counsel, then and there objected; but the court granted the said leave to the party, to which leave defendants then and there excepted, and the justice noted the exception upon his minutes, and the said judgment was entered in the words and figures following, to wit:
“ Now again .come here the parties aforesaid, in the manner aforesaid, and the same jury that was respited on the 15th of February last; whereupon the plaintiff submits to a non-suit, with leave to move to set aside the same within ten days.
“Now, therefore, it is considered that the plaintiff take nothing by his suit, and that the defendant go thereof without day, and recover against said plaintiff the costs of their defence, taxed at $-, and have execution thereof.”
Thereafter, under date of the 23d of February, 1892, the record states:
“ Now comes the plaintiff, Benjamin F. Jackson, by Leigh Robinson, his attorney, and moves the court to set aside the non-suit heretofore directed to be entered in the above entitled cause.”
This motion was accompanied by three affidavits, designed, as we suppose, to supply thfe requirements of proof as to pre-existing indebtedness. The record then proceeds, “ to the granting of which motion the said defendants, Merritt, Clifford and Colliere, by their counsel, then and there objected; but the court, on the 29th day of February, overruled the said objection, and granted said motion and set aside said non-suit, and entered its ruling as follows:
“ ‘ Upon hearing the plaintiff’s motion to set aside the judgment of non-suit heretofore entered, it is considered that said motion be and the same is hereby granted, and that said judgment of non-suit be and the same is hereby- set aside, and for nothing held ’; to the granting of said motion the defendants excepted, and note an appeal to the General Term.”
The question now for our decision is whether the action of the court, in the particulars recited, was proper under our rules.
*280 On the argument here, a preliminary objection was made by the plaintiff as to the regularity and sufficiency of the exception and appeal taken by the defendants. Upon examination, we think the objection is not tenable, and that the appeal is properly here.
The first question is as to the propriety of the first of these orders, by (which the court, having intimated it would, be obliged to grant the defendants’ motion, respited the jury, gave the plaintiff leave to consider what course he would adopt, and then entertained the plaintiff’s motion to enter a non-suit upon terms with leave to move thereafter to strike it out.
It is insisted by the defendants that in the then stage of the case, the court was without authority to allow a non-suit to be entered by the plaintiff, or to enter it of its own motion; and that the defendants were entitled then to have a distinct ruling on their motion to require the jury to return a verdict for the defendants..
In our opinion, so far as the mere entering of a non-suit is concerned, the plaintiff had the right to ask for it, and the court was bound to have it entered. This is the well-settled practice. Although thfe quotations we may give embody familiar law, we repeat them, as the propriety of the practice was so earnestly challenged in the argument. ''
In Sellon’s Practice, the author in his discussion of the general subject states there are two kind's of non-suit mentioned in the books: one known -as voluntary, which is entered at the request of the plaintiff; and the other involuntary or compulsory, which is granted without, or against the consent of the plaintiff, on the motion of the defendant, or sometimes by the court sua sfionte.
With respect to the voluntary non-suit, the law is thus stated in 1 Sellon, 464:
“ But the plaintiff, if he pleases, may suffer a non-suit at any time before the verdict is given, though after the full discussion of the cause' and the summing up of the judge in defendant’s favor.”
*281 In Evans’ Practice, where the whole subject is very fully examined, the author, on page 315, sums up the matter as follows:
“Whenever the plaintiff finds that the court is against him, upon the law, he has this question to settle for himself: is it better to take the chance of altering the state of facts, by new testimony on another trial, or is. the court so clearly wrong that I can reverse the judgment on appeal? As he answers this question, he determines whether to suffer a non-suit, or hear the verdict; for if he suffers a non-suit, which is a voluntary act, all his bills of exceptions are gone. Where the lapse of time has, pending the suit, barred the claim by operation of the statute of limitations, he has no choice to make; present defeat in that case being final defeat.”
In 34 Md., 15, Hall vs. Schuchardt, the matter was fully discussed in a case whose features are very much like that before us. There a trial was had before the court without a jury, under a provision of the State constitution, in an action brought against the appellants as drawers of a foreign bill of exchange: and the main question was whether sufficient proof of notice of protest had been given to bind defendants. After the argument the case was submitted, and the presiding judge thereupon delivered an oral opinión, sustaining the objections to the protest; and ruled that neither of itself, nor in connection with the other testimony was it admissible, and that the plaintiffs were not entitled to recover; but made no entry of his opinion in the case.v That course, it will be observed, was precisely that pursued by Justice Montgomery in the present case.
At that point, the plaintiff’s counsel in the Maryland case took an exception to the ruling and applied to ,the court to suspend further proceedings until they could consult with their client, who resided in New York, whether they should resort to a non-suit (with the expectation of supplying the requisite testimony at a future time), or suffer judgment to *282 be entered and take an appeal. To this the defendant counsel objected, insisting it was too late to enter a non-suit in a case submitted without a jury,, after the court had announced its decision against the plaintiff. But the court held the plaintiffs had yet a right to enter a non-suit under the circumstances, and granted the delay asked for. Subsequently, the plaintiff’s counsel gave an order to enter the non-suit, which being brought to the notice of the court, a judgment of non-suit followed.
In the course of the opinion in the appellate court, the learned judge said:
“In jury trials of civil causes, after the jury have agreed and before the verdict is taken, the plaintiff is called by the clerk, and if he fails to answer in person or by counsel, the jury are discharged and judgment of non-suit passes against h'im. Up to this point of time, and until the verdict is actually announced by the foreman in response to the question, 'What do you say; do you find for the plaintiff or for the defendant?’, the right to a non-suit exists, but ceases after the plaintiff has answered and the foreman announces the verdict. He is called for the purpose of allowing him an opportunity to determine whether he will take a non-suit, or hear the verdict; and he must then make his election. A non-suit is in many instances of importance, because it gives the party the right to commence the same suit again, and alter its status by additional testimony; whereas if he answers and hears the verdict, he must stand on the case as then presented and rely upon his exceptions and upon obtaining a reversal of the judgment on appeal.”
The court then proceeds, “In Evans’ Practice, 402, it is said with entire correctness, that the expressions common in English books, saying that the judge ' directed a non-suit,’ and others of similar import, mean no more than this, that the judge expressed, in that form of words, .his opinion that the plaintiff was not entitled to recover, and the party submitted to a non-suit, rather than the judge should enforce his opinion by a direction to the jury as to their verdict.” *283 In conclusion, the court affirmed the ruling of the lower court, and allowed the judgment of non-suit below to stand.
Such has been the practice in this District so long as I have been here; nor have I ever heard of a ruling here to the contrary. I recall a case, very vigorously contested in the circuit, brought on a contract to furnish material for one of the marble buildings at the Soldiers’ Home, in which, after the court at the closie of the plaintiff’s testimony, 'had intimated its purpose to direct a verdict for the defendant, plaintiff moved for leave to enter a non-suit. The plaintiff’s right being disputed by the'defendants, the question was very carefully considered, and the presiding justice held the plaintiff’s right to make the entry at that stage of the cause was undoubted.
The next question is: Had the plaintiff, after the judgment of non-suit had been entered, the right to have it stricken out?
If the non-suit is to be regarded as a voluntary one, which is the only kind known to our practice, we are of opinion the plaintiff had no such right.
In 1 Sellon, 466, referring to the case of Hutchinson vs. Brice, 5 Burrow, 2692, the author says:
“ The court will not set aside a non-suit voluntarily suffered by plaintiff, and give him leave to reply de novo, so as to put the issue on another footing than he before had done.”
Where, however, a non-suit is compulsory, in jurisdictions where the practice of entering involuntary non-suits is recognized, the court may, in its discretion, under circumstances, allow such non-suit to be stricken out.
In 1 Sellon, 465, the author, speaking of compulsory non-suits, says:
“Formerly it was held that a non-suit could not be set aside, though occasioned by the mistake of the judge. But in the case of Sadler vs. Evans, 4 Burr., .1986, the court were unanimous, both upon principle and authorities, that where a judge at nisi.prius non-suits the .plaintiff, and is mistaken, the court, upon motion, may set aside the non-suit.”
*284 Mr. Evans, in discussing the only description of non-suit known to the Maryland practice, says (page 314): “It is manifest from the definition that a non-suit must be the voluntary act of the plaintiffs.” “A non-suit occurs after the jury' is sworn. It is said that in England there are other varieties of non-suits, but in our phraseology the distinction just alluded to is generally observed.”
It appears, then, that compulsory non-suits may be entered without reference to the plaintiff’s wishes and at any stage of the proceedings, in jurisdictions where they are recognized; and may also be stricken out on motion in the discretion of the court.
It is insisted on behalf of the plaintiff that so much at least of the practice which obtains in England, and in some of our State courts, as allows a compulsory non-suit to be stricken out, applies also to a voluntary non-suit.
But in our opinion, no such thing as a compulsory non-suit is known to our procedure. We have seen that nothing of the kind ever existed in Maryland, and we have examined every source of information as to the subject in this District and have found no such practice.
In 23 Maryland, 317 (Kettlewell vs. Peters), a suit was brought by the administrator of the owner of'a nursery to recover the price of a number of fruit trees sold by the deceased to the defendant. When the trial had proceeded to some length, the counsel for the defendant claimed a compulsory non-suit upon the ground that the administrator had no title to maintain the action. The court below overruled the motion to enter a non-suit against the will of the plaintiff; and on appeal the court disposed of the case in this way:
“ The appellant moved the court to non-suit the plaintiff, on the ground that the suit ought to have been instituted in the name of the heirs-at-law of the deceased, but the court overruled the motion of the appellant, to which he excepted, and prayed this appeal. Whatever -may be the mode of proceeding in other States, this is not adopted in Maryland. *285 . . . The motion of the defendant below, being contrary to the practice established in this State, was properly overruled, however sufficient the reasons might have been for defeating the action, if presented in another form, upon which we do not mean to express an opinion in this case. A non-suit must be the voluntary act of the plaintiff. Evans’ Practice, 314.”
No such practice prevails in the United States courts. This was first laid down by Judge Marshall, 1 Peters, 469, Elmore vs. Grymes, in explicit terms — “this court is of opinion that the Circuit Court had no power to order a peremptory non-suit against the will of the plaintiff.”
In Silsby vs. Foote, 14 Howard, 222, the court seems to have finally disposed of the question in this way:
“ But as it has been repeatedly decided that the courts of the United States have no power to order a peremptory non-suit, against the will of the plaintiff, it is not necessary to examine the grounds of the motion.”
The Supreme Court, however, again referred to the subject in Castle vs. Bullard, 23 Howard, 183, where similar language was used. The decision in the first case was placed upon the ground that, by the Constitution, the plaintiff was entitled to a trial by jury, and that a compulsory non-suit would be an invasion of that right.
Nor is there any statute in force in this jurisdiction which would allow such a practice. The statute of 2 Henry IV., Ch. 7 (which, though 492 years old, is in force in this District), declares that in no action should a judgment of non-suit be granted in favor of the plaintiff, if a verdict has been passed against him. This statute, so far as it affects the point, is a legislative declaration against the policy of substituting non-suits in the place of verdicts. Mr. Alexander in commenting on it in his compilation of British statutes, cites Kettlewell vs. Peters, 23 Md., 312, already referred to; as showing that a voluntary non-suit is the only one known in Maryland.
The author in 1 Sellon 368, explains the origin of the *286 English practice of entering compulsory non-suits under the heading “E. In what cases judgment, as in case of a non-suit, is allowed” as follows:
“This proceeding is founded upon the statute of 14 George II., Ch. 17, whereby it is enacted that where any issue is or shall be joined in any action or suit at law, in any of his majesty’s courts of record at Westminster, the Court of Great Sessions for the principality of Wales, &c., and the plaintiff or plaintiffs in any such action or suit has or hath neglected or shall neglect to bring such issue on to be tried according to the course of practice of said courts respectively, it shall be lawful for the judge or judges of the said courts respectively, at any time after such neglect, upon motion made in court, to give the like judgment for the defendant or defendants, in every such action or suit, as in cases of non-suit,” &c.
The author’s statement of the necessity for the passage of this statute shows, that after the jurisdiction had been given to the courts at nisi prius in the counties to hear causes unless the judges should come first from Westminster, &c., the plaintiffs sometimes to prevent trials would refuse to take down the record. To meet this device for delay, the defendant himself was authorized by rule of practice to take down the record, provided the plaintiff would not do so; and present it to the court, which would then hear the cause. This practice obtained the technical name of carrying down the record, “with a proviso,” but if was slow and expensive; and to meet these difficulties this statute was passed. But it applied in terms to only a few of the courts in England, and never was in force in Maryland. (Kilty’s Report on the Statutes, 125.)
In the case of 1 Peters, 469, before cited, Mr. Justice Johnson entered a vigorous dissent. He sat in the case below, in the Circuit Court for the District of Georgia and explained in his dissent that he understood the United States courts adopt the practice of the State; in which they are held; that in his district the English practice of entering compul *287 sory non-suits existed, and he had therefore conformed to that practice; and upon the application made by the defendant, had ordered a non-suit, with leave to- strike it out, which was finally made absolute. But the decision by Chief Justice Marshall shows the court rejected this view, after their attention had thus been distinctly called to the argument in opposition.
It thus clearly appears that this practice never was in force in Maryland, nor in this District, and does not prevail in the United States courts; it is nevertheless in force in some of the States, and Mr. Justice 'Johnson correctly says that the courts of Massachusetts and New York stand with the English courts, against the courts of Pennsylvania, Virginia and Maryland, where he admits the rule did not exist.
In some States it exists by statute, as is the case in the State of New York. And in Michigan, as I infer from an examination of the code of that State, the entry of judgment, “ as in case of a non-suit,” as the practice is there described, is wholly the creature of statute, and the decisions in that State recognize that such is its origin.
If we had the right to import this procedure into this jurisdiction against our own practice and against the practice of Maryland, and against the practice of the United States courts, we think it would be unwise to do so. There are stumbling-blocks enough now in the way of the speedy disposition of cases, without setting up a new one which would subject a party defendant who has done his best to bring his witnesses to court, perhaps at great expense and inconvenience, to the further cost and vexation which would result .from the entry of non-suit; at the plaintiff’s request, to be sure, but with the privilege of striking it out at the plaintiff’s pleasure.
According to our present practice, the entry of a voluntary non-suit, at the instance of the plaintiff, requires him to bring an entirely new action, subject to whatever advantage the defendant may possibly receive from the dismissal of the *288 former suit. If the Michigan practice were engrafted upon our procedure, the plaintiff would have everything to gain by the entry, while the defendant could obtain no benefit from the lapse of time, though it might be sufficient to bar a new action; and notwithstanding the entry of the non-suit may have been wholly owing to the fault of the plaintiff.
We therefore think the learned justice below, undoubtedly imbued with this practice from the courts with which he was familiar and of which he was an ornament, and perhaps not-having his attention called to the fact that it was unknown to our practice, fell -into error in granting the motion; and therefore the allowance of the non-suit with leave to move to strike it out, and the further order striking it out, must both be reversed.
What, then, becomes of the case? We have heard elaborate and able arguments on both sides as to the liability of the trustees, under the proper construction of the law, and whether there was a breach of duty on their part under the circumstances of the case. But there was no decision of any of these questions by the court below, and of course no exception or appeal from any such decision, for none was made. The justice, below intimated his opinion as to one of those points, but it is perfectly settled there can be no appeal from a mere opinion. An appeal or exception supposes a judgment or decree. Hence, there is no way in which we can consider the correctness of the views of the justice below, on any question except as to the orders as to the non-suit.
The defendants present no exception to the refusal of the court to instruct the jury as they requested, and nothing is before us except the point we have already decided.
We are just in the predicament in which the Court of Appeals found itself in the case of Kettlewell vs. Peters, 23 Md., 318, where they said:
“So, in the present instance, the motion to non-suit the plaintiff, and the reasons on which it is based, are entirely independent. According to the authorities, the motion was *289 untenable, notwithstanding the plaintiff might have been entitled to recover. The bill of exceptions, therefore, presents nothing but the question whether there was error in refusing the motion. That being determined, it is unnecessary and improper to examine other points which were not necessarily involved.”
The proceeding below was a mis-trial. At a critical point in the case, the justice below interfered by passing orders which were irregular and without authority. The jury is gone, and nothing is before us for examination. We are obliged, therefore, in reversing these orders, to remand the case for a trial de novo.