**John S. KROESE, Plaintiff,**

v.

**NEW YORK STOCK EXCHANGE and Texas Pacific Land Trust, Defendants.**

United States District Court
S. D. New York.

Feb. 26, 1964.

Younger & Younger, New York City, for plaintiff; Irving Younger, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant New York Stock Exchange.

Kelley, Drye, Newhall, Maginnes & Warren, New York City, for Trustees of Texas Pacific Land Trust; Francis S. Bensel, New York City, of counsel.

DAWSON, District Judge:

Both defendants in this action have moved for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure.

The following facts appear to exist without substantial controversy:

Plaintiff John S. Kroese is an owner of sub-share certificates of proprietary interest in the defendant Texas Pacific Land Trust (Texas Pacific). Texas Pacific is a trust established on February 1, 1888, under a declaration of trust. Texas Pacific trust certificates were listed on the New York Stock Exchange on June 27, 1888. Sub-share certificates of proprietary interest, representing fractional interests in the original trust certificates, became listed on January 13, 1927 and are the securities of Texas Pacific presently traded on the Exchange. The Exchange is an unincorporated association registered as a national securities exchange under Section 6(a) of the Securities Exchange Act of 1934.

Plaintiff's complaint seeks an order directing the Stock Exchange to require compliance by Texas Pacific with the rules of the Exchange *and* directing Texas Pacific "to so comply by holding regular meetings of certificate holders and soliciting proxies therefor." Both defendants have moved for summary judg-

**520**

ment asserting that under undisputed facts judgment should be rendered for the defendants.

Jurisdiction in this action is founded upon the Securities Exchange Act of 1934, Sections 6 and 27, 15 U.S.C. §§ 78f and 78aa. Section 6 of the Securities Exchange Act provides for registration of national securities exchanges. The registration statement provided for in Section 6(a) requires the Exchange to execute "[a]n agreement * * * to comply, and to enforce so far as is within its powers compliance by its members with the provisions of this title, and any amendment thereto and any rule or regulation made or to be made thereunder * * *." Section 6(b) provides that:

"No registration shall be granted or remain in force unless the rules of the exchange include provision for the expulsion, suspension, or disciplining of a member for conduct or proceeding inconsistent with just and equitable principles of trade, and declare that the willful violation of any provisions of this title or any rule or regulation thereunder shall be considered conduct or proceeding inconsistent with just and equitable principles of trade."

Section 6(d) states that before registration it must appear to the Commission that the rules of the exchange "are just and adequate to insure fair dealing and to protect investors."

In the event that the rules of the Exchange are not enforced, Section 19 of the Act gives the Securities and Exchange Commission the power to alter or supplement the rules of the Exchange or to suspend or withdraw the registration of the Exchange. Furthermore, Section 32 provides that a fine may be imposed.

Sections 6(b) and 6(d) of the Securities Exchange Act place a duty upon the Exchange to enforce the rules and regulations prescribed by that section. Silver v. New York Stock Exchange, 373 U.S. 341, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1963). The Second Circuit has recognized the right of a private individual to sue an exchange for damage resulting from the failure of the exchange to enforce its rules. In the case of Baird v. Franklin, 141 F.2d 238 (2d Cir. 1944), cert. denied, 323 U.S. 737, 65 S.Ct. 38, 89 L.Ed. 591, plaintiffs had been damaged by acts of a member of the New York Stock Exchange. The Second Circuit upheld plaintiffs' right to sue the Exchange for failure to take disciplinary action, but held that under the circumstances of the case defendant's violation of a duty was not causally related to plaintiffs' damage.

The rule relied on by plaintiff in the case at bar is rule 499 of the New York Stock Exchange:

"Securities admitted to the list may be suspended from dealings or removed from the list at any time."

Following the rule, the New York Stock Exchange Guide lists "supplementary material" which reads in relevant part as follows:

".10 Criteria—The appropriateness of continued listing on the Exchange cannot be measured mathematically. However, under present circumstances, there are some criteria which usually lead to a re-examination of a security's eligibility for continued dealings on the Exchange.

"It must be remembered however, that the Exchange may at any time suspend or delist a security if the Exchange believes that continued dealings in the security on the Exchange are not advisable, whether the security meets or fails to meet any of the criteria set forth in this section.

"For example, the Exchange would normally give consideration to suspending or removing from the list a security of a company where:

*      *      *      *      *

"(4) proxies are not solicited for all meetings of stockholders.

"Actively operating companies not presently soliciting proxies will have a transition period until December 31, 1961 within which to commence

solicitation and agree to continue to do so. Companies soliciting voluntarily which hereafter discontinue the practice must agree to resume solicitation by December 31, 1960 or one year after failure to solicit, whichever is later.

"This does not apply where the issuer is not an actively operating company. Exception may be made where applicable law precludes or makes virtually impossible the solicitation of proxies in the United States.

\*    \*    \*    \*    \*

".30 Public hearing. The Exchange may hold a public hearing in connection with its consideration of suspension of a security from dealings. \*   \*   \*"

The Declaration of Trust of Texas Pacific provides for meetings of certificate holders whenever the Trustees "shall deem it necessary" or whenever the Trustees have been requested to in writing by registered certificate holders to the amount of not less than five hundred thousand dollars at the par value. In recent years meetings were held on May 19, 1948, November 22, 1954, July 28, 1955, and October 2, 1961. Proxies were solicited for those meetings.

Plaintiff's position is that rule 499 requires Texas Pacific to hold *regular meetings;* that Texas Pacific is in willful violation of the rule; that plaintiff is therefore deprived of the information sought to be obtained by Section 14 of the Securities Exchange Act and the rules and regulations thereunder; and that trading in Texas Pacific's sub-share certificates on the Exchange is thus "inconsistent with just and equitable principles of trade."

The trouble with plaintiff's contention is that the rule does not require the holding of regular meetings. The undisputed facts show that the language of the rule has been complied with and that whenever meetings have been held proxies were solicited. There has been no indication that there is any state law or any obligation imposed by the declaration of trust to hold meetings at regular intervals. Under the circumstances and under the admitted facts there has been no proof that Texas Pacific has not been complying with the rule of the Stock Exchange.

It might be desirable for the Stock Exchange to amend its rule to require meetings of shareholders or holders of the trust certificates of actively operating business trusts at regular intervals. This, however, is not a matter which can be required by the Court. The remedy there would lie in Section 19(b) of the Act, which authorizes the SEC to supplement the rules of the Exchange.

Inasmuch as the admitted facts fail to show any lack of compliance by Texas Pacific with the rules of the Exchange, as presently existing, there is no basis for plaintiff's action. The motions of defendants for summary judgment are granted and plaintiff's complaint is dismissed. So ordered.