**INDEPENDENT INVESTOR PROTECTIVE LEAGUE, in behalf of its membership affected and Richard A. Gordon, individually and as President of the Independent Investor Protective League, Plaintiffs,**

v.

**NEW YORK STOCK EXCHANGE, Defendant.**

**No. 73 Civ. 2823.**

United States District Court, S. D. New York.

Dec. 12, 1973.

Bader & Bader, New York City, for plaintiffs.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant.

LASKER, District Judge.

Independent Investor Protective League ("Investors"), an association of small investors, sues the New York Stock Exchange ("the Exchange") alleging that the Exchange has publicly announced that certain member firms are in financial difficulties and under Exchange surveillance, but that the Exchange refuses to identify them. Investors seeks a mandatory injunction against non-disclosure and money damages in the event that one of the firms fails and its customers suffer losses as a result. Jurisdiction is alleged under the Securities Exchange Act, 15 U.S.C. §§ 78h, 78k, 78a and 78aa. The Exchange has moved to dismiss the complaint for failure to state a claim on which relief can be granted.

I.

Investors' pleadings are silent as to what statute or principle of law requires

the disclosure it seeks, alleging simply that the "public interest" demands the relief sought. (Complaint, Paragraph 8). However, it appears from Investors' papers in opposition to this motion that its claim is grounded on the Freedom of Information Act, 5 U.S.C. § 552(a)(3), and the anti-fraud provisions of the securities laws.

■ The Freedom of Information Act does not provide a cause of action against the Exchange. The Act applies only to federal agencies, which 5 U.S.C. § 551(1) defines as an "authority of the Government of the United States. . . . ." The Exchange is not such an authority; it is a not-for-profit corporation of the State of New York, 2 CCH New York Stock Exchange Guide, p. 1021.

## II.

■ Nor has Investors stated a claim under the securities laws; its vague invocation of the anti-fraud provisions of the Exchange Act ignores the plain language of the provisions which prohibit deceptive or fraudulent devices in connection with the purchase and sale of securities. Even if by some semantic stretch or twist of logic the Exchange could be defined as a "purchaser" or "seller" within the meaning of the Act, Investors has failed to allege the scienter or intent to defraud required to state a claim under the Act. Shemtob v. Shearson, Hammill & Co., 448 F.2d 442, 444–445 (2d Cir. 1971), Globus v. Law Research Service, Inc., 418 F.2d 1276, 1290–1291 (2d Cir. 1969).

In short, Investors' claim is simply that it is dissatisfied with Exchange policy. In the posture of this case, the court may not rule on the desirability of the Exchange's policy of non-disclosure relating to financially troubled firms.

The Exchange Act provides for the registration of national securities exchanges if their rules are "just and adequate to insure fair dealing and to protect investors," 15 U.S.C. § 78s(b), and directs the SEC to supervise the Ex-

changes. If plaintiff wishes to influence or change Exchange policy, his remedy is to petition the SEC to exercise its powers under § 19(b) of the Act to recommend changes in Exchange rules, or to alter or amend the rules. The Administrative Procedure Act, § 4(d), 5 U.S.C. § 553(e) provides that "[e]ach agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule." If plaintiff is "aggrieved" by SEC action relating to Exchange rules, the APA § 10, 5 U.S.C. § 702 gives him the opportunity for judicial review.

In Far East Conference v. United States, 342 U.S. 570, 574–575, 72 S.Ct. 492, 494, 96 L.Ed. 576 (1952) the Supreme Court articulated the rationale for the holding here:

" . . . in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over . . . . The limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure."

The *Far East* rule has been applied in this circuit in cases in which direct court review of plaintiffs' claims would have interfered with the operation of the SEC's regulatory authority under the Exchange Act. United Gas Corp. v. Pennzoil Co., 248 F.Supp. 449, 454 (S.D.N.Y.1965), aff'd 354 F.2d 1002 (2d Cir. 1965); Kroese v. New York Stock Exchange, 227 F.Supp. 519, 521 (S.D.N.Y.1964); See also, Robert W. Stark, Jr., Inc. v. New York Stock Exchange, Inc., 346 F.Supp. 217, 228 (S.D.N.Y.), aff'd 466 F.2d 743 (2d Cir. 1972).

For the foregoing reasons, defendant's motion to dismiss is granted.

It is so ordered.