**MARBURY MANAGEMENT, INC., et al.,
Plaintiffs,**

v.

**ALFRED KOHN, WOOD, WALKER & CO., and the New York Stock Exchange, Defendants.**

No. 72 Civ. 5121.

United States District Court,
S. D. New York.

Jan. 24, 1974.

George Berkowitz, P. C., Leonard M. Simon, New York City, for plaintiffs.

Jay D. Fischer, New York City, for defendant Kohn.

Lunney, Downey & Crocco, New York City, for Wood, Walker & Co.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant New York Stock Exchange, Russell E. Brooks, New York City, of counsel.

## MEMORANDUM DECISION

GAGLIARDI, District Judge.

This is a motion to dismiss the complaint on the ground that it fails to state a claim against defendant New York Stock Exchange, Inc. (hereinafter "Exchange") upon which relief can be granted or, in the alternative, to grant summary judgment on the ground that there is no genuine dispute as to any material fact and the Exchange is entitled to judgment as a matter of law.

Plaintiffs bring this action to recover losses incurred on their brokerage accounts with defendant Wood, Walker & Co. allegedly caused by the actions of defendants. From the complaint it appears that defendant Alfred Kohn was

an employee of defendant Wood, Walker & Co., a member of the defendant New York Stock Exchange duly authorized to transact buy and sell orders of securities on the Exchange. The complaint alleges that, beginning in the summer of 1967, Kohn falsely held himself out as a licensed registered representative with Wood, Walker & Co. and that Wood, Walker & Co. permitted Kohn to so hold himself out. It is claimed that in reliance upon such representations plaintiffs placed orders to buy and sell securities with Wood, Walker & Co. through Kohn, which were executed by Wood, Walker & Co. on instructions from Kohn. The complaint further alleges that Kohn knowingly and falsely represented that investment advice regarding specific securities which he gave to plaintiffs was based on personal conversations and meetings with persons who had certain unique information as to these securities. These false representations were allegedly made to induce plaintiffs to purchase certain securities, which plaintiffs did in fact purchase in reliance upon such representations, resulting in damages to plaintiffs in specified amounts.

Based on the aforesaid actions of the defendants, the complaint alleges four causes of action on behalf of each plaintiff. Three of the causes of action, which do not name the Exchange as defendant, charge the other defendants with actionable fraud under the law of New York and with violations of Section 10(b) of the Securities Exchange Act of 1934 (and Rule 10(b)(5) thereunder) and Section 17(a) of the Securities Act of 1933.

A fourth cause of action on behalf of each plaintiff (Counts IV, VIII, and XII) are the only ones pleaded against the Exchange. Each of these counts charges that the Exchange "failed, neglected and refused to fulfill its obligations under Sections 6(a)(1) and 6(d) of the Securities Exchange Act of 1934 to enforce compliance by its members with the Act and rules promulgated thereunder and to supervise the activities of such members." As a result of such alleged failure of the Exchange to perform its duty under Section 6 of the 1934 Act, each plaintiff claims to have suffered specified damages.

Section 6(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78f(d)) placed the adoption of just and adequate rules of trade to protect investors upon the defendant Exchange as a condition of registration as a national exchange. The Exchange is required under Section 6(a)(1) of the 1934 Act (15 U.S.C. § 78f(a)(1)), to enforce compliance with these rules by its members "so far as is within its powers." This obligation to enforce must be considered in view of the approximately 56,000 registered representatives and 93,000 other persons employed by 579 member organizations of the Exchange at approximately 3,975 offices throughout the world, as set forth in the Exchange's affidavit. In an action involving the duties of a national exchange under Section 6, it was recently held that an exchange's supervision need not be "fluoroscopic." "Neither the law nor common sense requires perfection but only an agreement 'to enforce so far as within its powers compliance by its members . . .' (15 U.S.C. § 78f)." Hochfelder v. Midwest Stock Exchange, 350 F. Supp. 1122, 1125 (N.D.Ill.1972). By this standard, it cannot be said that the Exchange is duty bound to exercise surveillance over every sales transaction undertaken by member organizations, which in the year 1970 exceeded 7 million as recorded on the Exchange's tickertape alone.

A cause of action has been recognized, however, in favor of investors for a negligent violation of Section 6 by a national exchange, a cause adequately alleged by the plaintiffs in this case. Baird v. Franklin, 141 F.2d 238 (2d Cir.), cert. denied, 323 U.S. 737, 65 S.Ct. 38, 89 L.Ed. 591 (1944). In *Baird*, the leading case on the duties arising under Section 6, the Second Circuit stat-

ed that liability is restricted to cases where an exchange had notice of the violations of its members. In order for plaintiffs to succeed in such an action they must be able to prove: (1) that the Exchange had reason to believe or suspect that its member was acting in violation of the rules of the Exchange; (2) that the Exchange thereafter failed to take action; and, (3) that such failure to act resulted in injury to the plaintiff. Baird v. Franklin, *supra*; Butterman v. Walston & Co., Inc., 387 F.2d 822 (7th Cir. 1967).

■ It is clear that if the injury alleged to plaintiff occurred prior to the time that the Exchange was on notice of any violations of its rules, the Exchange cannot be held liable since no duty arises until there is such notice. All of the transactions of which plaintiffs complain, as indicated on the schedules annexed to the complaint, occurred between July 11, 1968 and March 26, 1969. In order to decide whether as a matter of law the Exchange could be liable in this case, the precise date on which the Exchange was put on notice must be determined; and, if this date is prior to March 26, 1969, it must be determined whether there is any material question of fact regarding the alleged negligence of the Exchange in fulfilling its enforcement obligations which would then arise under Section 6.

From an affidavit submitted by Fred J. Stock, Jr., an Assistant Vice President of the Exchange, it appears that the following actions were taken by the Exchange in this case. Acting on an application, dated October 7, 1968, submitted by defendant Kohn for approval as a registered representative, the Exchange caused an investigation to be conducted into Kohn's background and also investigated and verified Kohn's report of previous employment, schooling, and his accounts with brokers. No adverse reports were received during the course of these investigations. On March 6, 1969, prior to rendering a decision on Kohn's application, Exchange inspectors ob-

served Kohn, in an office of Wood, Walker & Co., apparently discussing investment situations by telephone and writing out an order ticket. Since, under the Exchange rules, these activities may only be performed by registered representatives, the Exchange initiated an investigation into the activities of Kohn and Wood, Walker & Co. which included an interrogation on the record of Kohn on April 29, 1969. The Exchange determined, as a result of this investigation, that there were no continuing or current violations. Further, Kohn was immediately instructed by the Exchange to cease all contact with customers and Wood, Walker & Co. was instructed to prevent Kohn from having contact with customers. The Exchange was assured that these instructions would be followed. Kohn's application was subsequently withdrawn.

Plaintiffs contend that the Exchange was negligent in not promulgating rules adequate to protect investors and suggest that the enactment of adequate rules would have put the Exchange on earlier notice of violations on the part of Kohn and Wood, Walker & Co. For example, it is asserted that the Exchange rules should have required the following: that Kohn and/or Wood, Walker & Co. reveal at the time of Kohn's application, whether Kohn had already engaged in or handled transactions for customers; that Kohn and/or Wood, Walker & Co. disclose to the Exchange any change in Kohn's salary or duties between the filing of the application and the time of the approval or disapproval of the applicant.

■ While not reaching the question of whether knowledge of the fact of pre-application employment or of a post-application salary increase would have put the Exchange on notice of any violations of its rules, it is sufficient to note here that the Exchange is merely required under Section 6 of the 1934 Act to *enforce* "so far as is within its powers" those of its rules which are designed to "insure fair dealing and to

protect investors." Baird v. Franklin, *supra*. By granting the Exchange's registration and keeping that registration in force, pursuant to Section 6(d) of the 1934 Act, the Securities and Exchange Commission has found the rules of the Exchange adequate. While Section 6 provides a private right of action against the Exchange for a failure of *enforcement* of existing rules, it does not provide such an action for a failure to *enact* adequate rules. The remedy for such a claimed inadequacy in the Exchange's rules lies in Section 19(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78s(b)), which authorizes the SEC to alter or supplement the rules of the Exchange. Kroese v. New York Stock Exchange, 227 F.Supp. 519, 521 (S.D.N.Y.1964).

■ Plaintiffs have failed to show that there is any material issue to dispute the fact that the Exchange was not on notice of any possible violations of its rules until March 6, 1969. This court thus finds that, as a matter of law, the duty of the Exchange to take action in this matter to enforce compliance with its rules did not arise until that time. Further, plaintiffs have not established that there is any material issue of fact concerning the Exchange contention that prior to March 6, 1969 the Exchange enforced compliance with its rules "so far as is within its powers" as required under Section 6(a)(1) of the 1934 Act; the facts stated in the Exchange affidavit concerning this are uncontroverted and the law is clear. Baird v. Franklin, *supra*; Butterman v. Walston & Co., Inc., *supra*; Hochfelder v. Midwest Stock Exchange, *supra*.

The affidavit of plaintiffs also does not show that the Exchange in any way failed to enforce compliance after learning of possible violations on March 6, 1969. Plaintiffs charge that the Exchange was derelict in this respect for not taking any punitive action against Wood, Walker & Co. after the Exchange investigation was concluded. Assuming that such a failure on the part of the Exchange could be established, however, it would not give rise to any liability since no action taken at that time would have prevented plaintiff's losses. The Exchange investigation continued until at least April 29, 1969 when Kohn was interrogated by the Exchange (the transcript of which is annexed to the Exchange affidavit) and the last transaction complained of by plaintiffs occurred on March 26, 1969.

■ Additionally, it should be noted that, as required by Rule 9(g) of the General Rules of this Court, the Exchange submitted a separate statement of the material facts as to which it contends there is no genuine dispute. Plaintiffs have not submitted a 9(g) statement in opposition and, therefore, all material facts set forth in the Exchange's statement must be deemed admitted under Rule 9(g). Among the material facts set forth in the Exchange's 9(g) statement, as to which plaintiffs are deemed to admit that there is no genuine issue to be tried, are the facts that the Exchange had no notice of any violations until it observed Kohn apparently discussing transactions with customers in March 1969 and that the Exchange immediately thereafter instituted an investigation which revealed no current or continuing violations.

This court concludes that as a matter of law the Exchange could not be liable to plaintiffs in this case. The Exchange's motion for summary judgment dismissing the complaint is therefore granted.

So ordered.