OFFICERS
The records of the State Board of Education relating to the General Educational Development (GED) High School Equivalency Certificate Program, subject to the exceptions noted, are public records. The Attorney General has considered your request for an opinion wherein you ask the following question: "In light of the Oklahoma Open Records Law (51 O.S. 24 [51-24]) and Attorney General Opinions Nos. 76-118 and 78-146,; are records of the State Board of Education relating to the issuance of high school equivalency certificates, including but not limited to applications for testing, place and time of testing, and test scores, public records despite provisions of the Federal Family Education Rights and Privacy Act (Public Law 93-380), 20 U.S.C. § 1232g, (a) (6) and (b) (1), commonly referred to as the Buckley Amendment?" Your question relates to the public nature of various records and documents maintained by the Oklahoma State Board of Education, which records relate to individuals and the General Educational Development (GED) High School Equivalency Certificate Program or GED testing program. This program is administered by the Adult Education Office within the Federal Programs Division of the State Department of Education. The subject program is not a federally funded nor federally regulated program but is rather one sponsored through the American Council on Education, an independent organization. The object of this program is to provide a means through which eligible applicants may apply for testing, and if successful, obtain a Certificate of High School Equivalency (Certificate of Equivalency), this being a certification that the holder has shown evidence of general educational development equivalent to a liberal high school education as revealed by scores made on the GED tests. While this certification cannot generally be exchanged for a high school diploma, such certification may be used to secure employment or advancement in present employment. In order to acquire the Certificate of Equivalency, one must meet all applicable eligibility requirements (age, residence, etc.) and make appropriate application to the State Department of Education for testing. No specific preparatory educational instruction is required as a condition of eligibility for testing. Refer, generally, "Oklahoma State Department of Education, Policies of the State Board of Education for the Issuance of a High School Equivalency Certificate". After an application has been received and approved, the applicant is given testing authorization which may be presented at any recognized testing center or agency for the purpose of taking the GED test at the designated time and place. After testing, the applicant's test scores (as determined by the testing center or learning center director) are certified and forwarded by the testing center to the State Department. If the test scores meet applicable standards, the State Department of Education forwards the Certificate of Equivalency to the successful applicant. It would appear from our inquiries that those records, maintained by the State Board of Education and the subject of your question, basically consist of the individual's application for testing, authorization of eligibility for testing, certified test scores (if applicant is successful) and the record of the Certificate of Equivalency issuance. Such records could additionally contain miscellaneous related correspondence as may have occurred in connection with the individual's requested testing. The educational nature of the records under consideration invokes analysis of federal and state law respecting confidentiality provisions. Title 51 O.S. 24 [51-24] (1971), Oklahoma's general public records statute provides: "It is hereby made the duty of every public official of the State of Oklahoma, and of its subdivisions, who are required by law to keep public records pertaining to their said offices, to keep the same open for public inspection for proper purposes, at proper times and in proper manner, to the citizens and taxpayers of this State, and its sub-divisions, during all business hours of the day; provided, however, the provisions of this act shall not apply to Income Tax Returns filed with the Oklahoma Tax Commission, or other records required by law to be kept secret." Under the above-quoted provision, it has been repeatedly recognized by the Attorney General that in Oklahoma, all public records, other than those which have been specifically denominated by the Legislature as confidential or secret, are open to public inspection. Refer, Opinion No. 66-292, issued October 25, 1966; 8 Okl. Op. Atty. Gen. 178, issued October 21, 1975 (Opinion No. 75-218); _____ Okl. Op. Atty. Gen. _____, issued March 15, 1976 (Opinion No. 76-118). With respect to those records deemed to constitute "public records", the above-quoted statutory provisions refer to records required by law to be kept by public officers. However, this reference has, by interpretation, been recognized to extend generally to all records or documents required by statute, rule or regulation to be kept or filed in a public office and the written records of the transactions of a public officer memorializing the performance of public duties and responsibilities. Refer, Opinion No. 76-118, supra, and Attorney General Opinion issued August 9, 1956. Applying the above-expressed principals to the question asked, we initially conclude that the subject records, being generally required to be kept and maintained by the State Department, would constitute public records under the provisions of 51 O.S. 24 [51-24], supra. We further conclude from our research that there is no state statutory or regulatory provision which expressly declares the subject records to be confidential or secret. It is observed that 70 O.S. 6-115 [70-6-115] (1971) provides that it is unlawful and a misdemeanor for any teacher to "reveal any information concerning any child obtained by him in his capacity as a teacher" to anyone other than the proper school authorities or parent or guardian of the child. However, in this connection, we are unable to interpret the specific subject records to constitute information possessed by a teacher concerning any child (pupil) obtained by the teacher in their capacity as a teacher. Refer, generally, 5 Okl. Op. Atty. Gen. 196, issued July 20, 1972 (Opinion No. 72-210); _____ Okl. Op. Atty. Gen. _____, issued February 7, 1977 (Opinion No. 76-332). Accordingly, we find this confidentiality requirement to be inapplicable to the subject records. Given the absence of any other applicable confidentiality provision, we are compelled to conclude that under state law the subject records would constitute public records. With respect to the potential application of federal law, we note that while the subject testing program is not a federally regulated program, the potential educational character of the subject records necessitate consideration of 20 U.S.C. § 1232g
(a) (1) (A) et seq., commonly referred to as the "Family Educational Rights and Privacy Act of 1974". This acts sets forth, in essence, a disclosure prohibition with respect to the release of "educational records". In this connection, 20 U.S.C. § 1232g (b)(1) provides, in part: "No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information . . .) of students without the written consent of their parents or any individual, agency or organization, other than to the following — . . ." While the State Department and State Board of Education are clearly agencies of the type generally subject to this Privacy Act, it must be determined if the subject records constitute "education records" of a "student". Refer, 1232g (a) (3) defining "educational agency or institution". The term "education records" is defined at 20 U.S.C. § 1232g (a) (4) (A) to mean: ". . . those records files, documents, and other materials which — (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." Sub-section (b) of the above-quoted section specifies four types of records which are not included within the term "education records". However, the subject records would not appear to fall specifically within any one of these excluded categories. Title 20 U.S.C. § 1232g (a)(6) defines "students" as including: ". . . any person with respect to whom an educational agency or institution maintains education records or personally identifiable information, but does not include a person who has not been in attendance at such agency or institution." A student is further defined (for purposes of the Act) at Section 99.3, Federal Register, Vol. 41, No. 118-Thursday, June 17, 1976, as follows: " 'Student' (a) includes any individual with respect to whom an educational agency or institution maintains education records. (b) The term does not include an individual who has not been in attendance at an educational agency or institution. A person who has applied for admission to, but has never been in attendance at a component unit of an institution of post-secondary education (such as the various colleges or schools which comprise a university), even if that individual is or has been in attendance at another component unit of that institution of post-secondary education, is not considered to be a student with respect to the component to which an application for admission has been made." For further clarification, it is observed that 99.3, supra, defines "attendance" at an agency or institution to include (but not be limited to): "(a) attendance in person and by correspondence; and (b) the period during which a person is working under a work-study program." Further, "educational institution" and "educational agency or institution" is defined by Section 99.3, supra, to mean: ". . . any public or private agency or institution which is the recipient of funds under any Federal program referenced in 99.1(a). The term refers to the agency or institution recipient as a whole, including all of its components . . . and shall not be read to refer to one or more of these components separate from that agency or institution." In light of the numerous clarifying definitions noted above, it is our interpretation that the federal act relates only to the disclosure of education records of students or pupils, that is, the records of the educational agency or institution which relate to the individual as a student or pupil, who was previously or is presently in attendance (as a student) at such institution. Understood in this context, it is apparent that the subject records would not constitute the education records of a student and that accordingly, the Act would have no application to those specific records. We would additionally note that consideration has been given the potential application of the so-called Federal Privacy Act of 1974, 5 U.S.C. § 552 (a) and further, that since this Act deals exclusively with the handling of federal records, said Act would have no application to the subject records. Refer, 5 U.S.C. § 552a (a)(1), 552(e),551(1); Independent Invest. Pro. League v. New York Stock Exchange, 367 F. Supp. 1376 (1973). For the reasons above expressed, we conclude that the above referred records pertaining to the GED testing program are, as a matter of law, public records not expressly or specifically declared by any known statute or regulation to be secret or confidential. As such, these records would be subject to the public records provision contained within 51 O.S. 24 [51-24] (1971). It should be noted that this conclusion only encompasses those records heretofore described and would not extend to authorize the disclosure of records or information which may be additionally included within the agency files, which additional information or records would constitute educational records as defined above or be otherwise qualified as confidential. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The records of the State Board of Education relating to the General Educational Development (GED) High School Equivalency Certificate Program, subject to the exceptions noted, are public records. (R. THOMAS LAY) (ksg)