Helen BATY, Plaintiff,

v.

PRESSMAN, FROHLICH & FROST, IN-CORPORATED, Shields & Company, Incorporated, Loeb, Rhoades & Company (a Limited Partnership), New York Stock Exchange, Inc., and National Association of Securities Dealers, Inc., Defendants.

No. 74 Civ. 3672.

United States District Court, S. D. New York.

June 4, 1979.

Baer, Arbeiter & Pribish, Metuchen, N. J., Shereff, Friedman, Hoffman & Goodman, New York City, for plaintiff; John J. Pribish, Metuchen, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant New York Stock Exchange, Inc.; Russell E. Brooks, Michael J. Levin, New York City, of counsel.

METZNER, District Judge:

Defendant New York Stock Exchange (the Exchange) moves pursuant to Fed.R. Civ.P. 56 for summary judgment in its favor.

This action arose out of plaintiff's losses in a "Ponzi" scheme run by Abraham Sutin while he was a registered representative of defendant Pressman, Frohlich & Frost (PF&F), a member organization of the Exchange, for whom Loeb, Rhoades & Company (Loeb, Rhoades) was acting as clearing broker. Plaintiff seeks to hold the Exchange liable under Section 6 of the Securities Exchange Act of 1934, 15 U.S.C. § 78f (1970 ed.), and as a "controlling person" under Section 20(a), 15 U.S.C. § 78t(a).

■ For plaintiff to succeed on her Section 6 claim against the Exchange she must prove (1) that the Exchange had reason to believe or suspect that its member was acting in violation of the rules, (2) that the Exchange thereafter failed to take appropriate action, and (3) that such failure to act resulted in injury to the plaintiff. *Marbury Management, Inc. v. Alfred Kohn, Wood, Walker & Co.*, 373 F.Supp. 140 (S.D. N.Y.1974). The Exchange has a duty "to enforce so far as is within its powers compliance by its members" with the securities laws, 15 U.S.C. § 78f(a)(1).

The Exchange argues that it is not "within its powers" to individually check up on all the transactions, however well concealed, of its over 50,000 registered representatives. No one expects such supervision and that is not the issue here.

Sutin had already been disciplined by the Securities and Exchange Commission and had been suspended for fifty days. The Exchange knew this and required that PF&F exercise "more than ordinary supervision" over Sutin as a condition to its approval of his employment after the suspension. PF&F hired Sutin, but the Exchange did not take any steps to ascertain whether the condition of its approval was being met.

We are concerned here with registered representatives on the Exchange who have been subject to SEC disciplinary proceedings which have caused the Exchange to condition its approval of employment. This court cannot hold as a matter of law that the Exchange has no duty under Section 6 to make any inquiry as to the supervision of Sutin thereafter being exercised by PF&F. As Prosser has stated in another context, "Notice that a dog has once bitten a man is sufficient to establish that he may do it again . . . ." Prosser, The Law of Torts, § 76, at 501 (4th ed. 1971). The Exchange relies on the standard procedures it employs in maintaining compliance by all of its member firms. Whether the actions of the Exchange in this instance were reasonable and, if not, whether a further inquiry would have revealed Sutin's scheme, are factual issues which must be resolved at trial.

■ The Exchange cannot be held liable as a "controlling person" under Section 20(a). As was stated in *Carr v. New York Stock Exchange*, 414 F.Supp. 1292, 1302 (N.D.Cal.1976), "the purpose of [Section 20(a)] is misinterpreted if the direct or indirect control which forms the basis of liability is extended to the institutions created by the Act itself to regulate the securities markets."

Motion denied.

So ordered.