387 F.2d 822
 Walter BUTTERMAN and Emmy Butterman, Plaintiffs-Appellants,
v.
WALSTON & CO., Inc., a New York corporation, W. D. Fleming,
Alfred J.Rauschman, Blanche Blahut, James F.
Sullivan, the New York Stock Exchange,
andG. Keith Funston,
Defendants-Appellees.
 No. 16082.
 United States Court of Appeals Seventh Circuit.
 Dec. 5, 1967, Rehearing Denied Jan. 25, 1968, en banc.
 
 Thomas F. Londrigan, Robert S. O'Shea, Springfield, Ill., for appellants.
 Edward J. Reilly, Edwin H. Conger, John S. Eskilson, Stuart S. Ball, David H. Ward, Chicago, Ill., for defendants-appellees. William E. Jackson, Andrew J. Connick, Milbank, Tweed, Hadley & McCloy, New York City, Sidley & Austin, Chicago, Ill., of counsel.
 Before KILEY, SWYGERT and FAIRCHILD, Circuit Judges.
 KILEY, Circuit Judge.
 
 
 1
 This suit is to recover damages from defendants for money losses from stock and commodity transactions allegedly caused by violations of the Security and Exchange Act and constitution and rules of the New York Stock Exchange. The district court, without a jury, entered judgment for plaintiffs as to defendant Walston & Co., Inc. (Walston) in the amount of $313.16 which Walston concededly owed plaintiffs but found against plaintiffs on the issues relevant to the damages sought for Walston's alleged breaches of duty. The district court also gave summary judgment for defendants The New York Stock Exchange and G. Keith Funston, President of the Exchange. Plaintiffs have appealed from both judgments. We affirm.[1]
 
 
 2
 The original complaint in this suit was filed on December 12, 1962. Following the filing of the complaint the Exchange made a motion to quash service and Walston a motion to dismiss. After voluminous briefs were submitted by all parties, the court granted plaintiffs leave to file an amended complaint. The amended complaint was filed on May 17, 1963, and contained five counts. Counts I through IV are directed at Walston, and allege the fraudulent holding out of Blanche Blahut as a qualified registered agent although Walston knew she was not fully qualified nor registered to deal in securities on any exchange. These counts also allege deception and manipulation of plaintiffs' account in violation of the Securities Exchange Act and the common law. Count V charges the Exchange with negligent failure to perform its duty to supervise its members as required by the Securities Exchange Act and the Exchange constitution, bylaws and rules, as a result of which Blanche Blahut was allowed to function as a fully registered qualified representative of Walston.
 
 
 3
 After the amended complaint was filed in May, 1963, the filing and consideration of a series of motions, including a motion to dismiss as well as serveral motions, answers, and responses concerning discovery, brought the case to November 22, 1965, when the cause was set for trial on December 27, 1965. The plaintiffs then filed a motion for summary judgment, and supporting and opposing memoranda and affidavits were filed. The Exchange filed a cross- motion for summary judgment which was followed by the filing of additional affidavits and memoranda. On May 18, 1966, the court denied plaintiffs' motion for summary judgment and on May 19, 1966, granted the Exchange's motion. Thereafter discovery continued between plaintiff and Walston. After a pre-trial conference, trial was set for December 16, 1966.
 
 
 4
 On December 15, plaintiffs appeared pro se and moved to postpone the trial on the grounds that the second attorney to represent plaintiffs in the case had 'stated' she would not represent them at the trial; that plaintiffs had 'accepted her resignation'; and that plaintiffs were without representation. The postponement sought was to a 'reasonable later date' within which 'it will be possible' to secure new counsel. The motion was denied and plaintiffs' trial took place on December 16, 1966, as scheduled. The plaintiffs did not appear at the trial, although they knew that it would take place. Their interests were represented by their attorney of record. Plaintiffs claim the denial of their postponement request was an abuse of discretion, and a denial of due process, because a continuance was required due to the complex nature of their suit, the validity of their charges, and their right to discharge their attorney for cause.
 
 
 5
 The rule that a party has a right to counsel of his choice and to change or substitute for his attorney of record is not absolute and is of no avail under the circumstances here. We think under the circumstances of this case there was no abuse of discretion in the court's ruling. It follows that we see no violation of fundamental fairness.
 
 
 6
 The record before the district court when he ruled showed that plaintiffs' original record attorney withdrew because of differences with and accusations by plaintiffs, and that plaintiffs' second attorney of record has as early as July 19, 1966, informed plaintiffs of her desire to withdraw from the case. The court could conclude that plaintiffs had had ample time to acquire another attorney during the four months which had elapsed since their attorney's request that they do so and that their failure to do so should not be allowed to further delay the resolution of a case which had been pending for four years. Statements in Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734, about the right to an attorney of one's choice are of no help to plaintiffs. That point is not in question here. And we do not read Savich v. Savich, 12 Ill.2d 454, 459, 147 N.E.2d 85, as militating against our conclusion that the ruling before us does not violate due process.
 
 
 7
 The district court, after finding against plaintiffs on their charges against Walston, treated the complaint as for money due and owing-- although it alleged a tort-- and rendered judgment for plaintiffs for $313.16, the balance in plaintiffs' account with Walston. This judgment is challenged 'on its face' but plaintiffs have shown no prejudice which they might suffer as a result of the judgment in their favor. The court's oral opinion at the close of the trial is sufficient to withstand plaintiffs' contention that there were no findings and conclusions underlying the court's rulings on the merits of the charges against Walston.
 
 
 8
 We are not persuaded by Walston that double costs ought to be assessed against plaintiffs and therefore we deny that claim. 28 U.S.C. Sec. 1912 or 1927.
 
 Exchange
 
 9
 The sole question properly before us with respect to the summary judgment for the Exchange is whether there was a genuine issue of material fact as to the liability of the Exchange for allegedly violating its duty under the Securities Exchange Act and its own constitution and rules by permitting Blanche Blahut to falsely hold herself out as a duly registered seller of securities. Plaintiffs have not met their burden of disclosing a genuine issue of material fact.
 
 
 10
 Affidavits in support of the Exchange's summary judgment motion state that in January, 1959, Walston applied to the Exchange for the limited registration of Blanche Blahut and that following a successful examination her application was approved; that in May, 1959, she passed the examination to be, and became, fully registered; that plaintiffs notified the Exchange on December 7, 1960, of their losses allegedly caused by Blanche Blahut's handling of their account; that in 1959 there were 1,360 individual members of the Exchange associated with 600 organization members who had 2,936 officers employing 25,000 registered representatives handling about 13,000,000 transactions; that the only information the Exchange had before plaintiffs' notice on December 7, 1960, concerning Blanche Blahut was the January, 1959, application, and the favorable investigation of Blanche Blahut made thereafter; that the Exchange had no knowledge of plaintiffs' account with Walston or, until December 7, 1960, of Blanche Blahut's alleged misconduct in handling the account; and that the Exchange had no knowledge, or practical way to obtain knowledge, until December 7, 1960, of any facts to put them on notice of alleged violation of any Exchange rule by Blanche Blahut. These affidavits were uncontested by any counter-affidavit.
 
 
 11
 The court concluded from the Exchange affidavits that the Exchange had no duty to supervise or review Walston's or Blanche Blahut's activities, nor any liability because of violation of its rules where it had no knowledge, or reasonable way of gaining knowledge, of alleged violations, and no duty to enforce its rules against violators until it had, or should have had, knowledge of violation or suspected violation. There was no genuine issue of material fact presented to the district court. Arguments advanced here not presented in the district court and statements and claims that ought to have been the subject of proper affidavits are of no avail to plaintiffs now.
 
 
 12
 There is nothing in the January, 1959, application on behalf of Blanche Blahut that can be reasonably read as controverting the finding that the Exchange had no knowledge of any violation of Exchange rules by Blanche Blahut until December 7, 1960. She is designated in that application as a Sales Trainee, desiring to take the examination for Special Mutual Fund (Limited) Registration. The statement above the caption 'Nature of Duties' is solicitation of commission business and sale of unlisted securities. In the context of the entire form this statement must be read as disclosing the nature of duties she would perform upon becoming fully registered by the Exchange.
 
 
 13
 The conclusions of law on the uncontroverted facts are not erroneous. Baird v. Franklin, 2 Cir., 141 F.2d 238.
 
 
 14
 The judgment for plaintiffs against Walston and the summary judgment against plaintiffs and for the New York Stock Exchange and G. Keith Funston, President, are affirmed.
 
 
 
 [1]
 Walston filed a motion in this court to affirm the judgment for plaintiffs against it, and the Exchange filed a motion to dismiss plaintiffs' appeal or, alternatively, to affirm. The motions were taken with the case. In view of our judgment of affirmance, we need not pass on the motions