**Walter BUTTERMAN and Emmy S. Butterman, Plaintiffs,**

**v.**

**WALSTON & CO., Inc., et al.,**

**and**

**The New York Stock Exchange and its President, Defendants.**

**No. 69-C-285.**

United States District Court

E. D. Wisconsin.

Jan. 21, 1970.

The plaintiffs allege that an employee of Walston & Co., Inc. induced them to invest money in a discretionary account which said employee controlled by falsely holding herself out to be a registered securities dealer. The plaintiffs charge that this employee lost most of their money by speculating with it and by churning their account. There has been a previous trial of this same matter in the federal district court for northern Illinois; the principal defense in the present action is res judicata.

A large number of pretrial motions have been filed by the parties. Following service of the original complaint, the plaintiffs filed a document entitled "Amendment to the Complaint to Conform to the Evidence". Subsequent to such filing, the plaintiffs caused the amended pleading to be served on the defendants. Before the latter service, the New York Stock Exchange filed its answer to the original complaint. The plaintiffs have moved to strike this answer and for judgment on the pleadings.

After the amended complaint was served, the Exchange moved to strike it; the plaintiffs have moved to strike the Exchange's motion. The plaintiffs have moved for default judgment against both defendants.

Walston has moved to dismiss the plaintiffs' action. The Exchange has moved for summary judgment; the plaintiffs have also moved for summary judgment against both defendants.

The plaintiffs have moved for the production and inspection of documents. They have also requested that the defendants be held in contempt of court.

Finally, Walston has moved for an order enjoining the plaintiffs from instituting against it any further proceedings which are based on the facts which gave rise to this action.

Walter and Emmy S. Butterman, pro se.

Foley & Lardner, by Benn S. Di-Pasquale, Milwaukee, Wis., for Walston & Co.

Whyte, Hirschboeck, Minahan, Harding & Harland, by Don S. Peterson, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action for compensatory and punitive damages for the defendants' alleged violations of the federal securities laws and regulations. In their complaint, the plaintiffs ask a million dollars in damages arising from the defendants' "Non-Disclosure of material facts and for Fraud" The plaintiffs appear pro se.

## I. PROBLEMS OF MOTION PRACTICE

The plaintiffs' complaint was served on the defendants in New York on June 12, 1969. On June 18, 1969, the plain-

tiffs filed an amendment to the complaint "to conform to the evidence". This amended complaint was served on Walston on June 30, 1969.

■ Walston filed a motion to dismiss on July 9, 1969, and served it on the plaintiffs by placing it in the mail on the same day. Since Walston had until July 10, 1969 to plead to the plaintiffs' amendment under Rule 15(a), Federal Rules of Civil Procedure, service of its motion was timely; the defendant Walston is not in default.

The plaintiffs argue that Rule 15(a) is inapplicable because their amendment is one to conform to the evidence under Rule 15(b). They argue that Rule 15(b) does not extend the time for answering. In Falls Industries, Inc. v. Consolidated Chemical Industries, Inc., 258 F.2d 277, 285 (5th Cir. 1958), the court said:

> "Amendments to conform to proof are permitted under Rule 15(b) in order to bring the pleadings into line with the issues actually developed during the trial even though the issues were not adequately presented in the pleadings."

Since there has not been a trial as yet in the present action, the plaintiffs' reliance on Rule 15(b) is incorrect. Since Walston is not in default, the plaintiffs' motion for default judgment against defendant Walston must be denied.

■ The defendant Exchange was served with the amended complaint on July 2, 1969. Under Rule 15(a), the Exchange's answer would have been due on July 12, 1969. However, July 12, 1969 was a Saturday. Therefore, under Rule 6(a), the time for answering the amended complaint was the following Monday, July 14, 1969. The Exchange served its motion to strike the plaintiffs' amended complaint on July 14, 1969, by depositing such motion in the mails addressed to the plaintiffs. Therefore, the Exchange is not in default; the motion for default judgment against the Exchange must be denied.

The court's resolution of the motions to dismiss and for summary judgment will make it unnecessary to consider the motions to strike. The motion for judgment on the pleadings will be discussed with the motions to dismiss and for summary judgment.

## II. MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

In their original complaint filed in the present action, the plaintiffs aver that "The new action is filed by the same Plaintiffs against the same Defendants, concerning the same cause of action * * *" This refers to the lawsuit that was filed in the northern district of Illinois on December 28, 1962. The defendants contend that the present action is barred by res judicata, but the plaintiffs argue that the judgment in the previous action has no binding effect because the court there lacked jurisdiction and did not render a decision on the merits.

In the previous case, the United States district court granted the Exchange's motion for summary judgment and dismissed it from the case. It then set the case for trial to the court on the claim against Walston. On the day before the trial was scheduled to begin, the plaintiffs sought a continuance in order to obtain new counsel, but such request was denied.

The plaintiffs did not personally attend when the case was called for trial on the following day. However, they were represented there by counsel, and a trial was actually held. At the conclusion of the trial, the court ordered returned to the plaintiffs the amount of $313.16 which concededly remained in the plaintiffs' account with Walston; however, the court found that the plaintiffs were not otherwise entitled to any recovery against Walston. The trial court's judgment was affirmed in Butterman v. Walston & Co., Inc., 387 F.2d 822 (7th Cir. 1967).

■ The above facts appear without contradiction in the affidavits filed in this case. I reject the plaintiffs' argument that the previous case was not

determined by the court on the merits. The uncontroverted affidavits filed with the motions in the present case establish that the judgment in the previous action was on the merits.

 There is no validity to the plaintiffs' argument that the district court in the previous case lacked subject matter jurisdiction. The plaintiffs' charge that subject matter jurisdiction is lacking because the court ordered a judgment for less than the jurisdictional amount of $10,000 required by 28 U.S.C. § 1331 is not persuasive since it is the amount claimed in good faith by the plaintiffs which determines whether the jurisdictional amount is met, even though the amount actually recovered is less. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); City of Boulder v. Snyder, 396 F.2d 853, 856 (10th Cir. 1968); Jones v. Landry, 387 F.2d 102, 103 (5th Cir. 1967).

To support their view that res judicata does not bar their present claim, the plaintiffs assert that there was judicial impropriety in connection with the appeal of the judgment in the previous case. The plaintiffs charge that the judge who wrote the majority opinion for the court of appeals is connected with a crime syndicate, and that his opinion was therefore without legal force. They also allege that a member of the seventh circuit court of appeals and a former member of the United States Supreme Court exercised improper influence to prevent a rehearing and further appeal of their case.

 The plaintiffs' charges are wholly unsupported by any allegations of credible fact. In my opinion, these charges do not remove res judicata as a defense in the case at bar. The plaintiffs have also failed to show how these charges are relevant to their own motion for summary judgment.

Accordingly, the defendants' motions to dismiss and for summary judgment will be granted. The plaintiffs' motions for judgment on the pleadings and for summary judgment will be denied.

### III. INJUNCTIVE RELIEF

Walston has moved for an injunction permanently restraining the plaintiffs from instituting any further criminal or civil proceedings against Walston which arise from the facts of this case. Walston concedes that such remedy is drastic; however, it contends that injunctive relief is proper in a case where the action of the plaintiff serves only to harass the defendant.

The acts complained of by the plaintiffs occurred in 1959. In 1962, the plaintiffs filed a complaint in their previous lawsuit in the district court for the eastern division of the northern district of Illinois. That action was brought to trial on December 16, 1966, and a judgment was entered. The court of appeals affirmed the judgment on December 5, 1967 in Butterman v. Walston & Co., Inc., 387 F.2d 822 (7th Cir. 1967). The plaintiffs petitioned for certiorari to the United States Supreme Court. Their petition was denied on May 20, 1968. Rehearing was denied on June 17, 1968.

In January, 1969, the plaintiffs moved the court of appeals to recall the mandate and to vacate its opinion of December 5, 1967. The asserted ground for such motion was that the opinion had been written by Circuit Judge Roger J. Kiley, whom the plaintiffs called "an unconstitutional judge, who is syndicate controlled". The plaintiffs also sought vacation on the ground of lack of jurisdictional amount. The plaintiffs' motion further requested that Justice Thurgood Marshall appoint three judges from a circuit not adjoining the seventh circuit to rehear the case. Their motion was denied on January 24, 1969.

Following such denial, the plaintiffs petitioned the United States Supreme Court for a reopening of their petition for certiorari. Again, they asserted the ground that Judge Kiley was "identified as being a member of the crime

syndicate". They also alleged that the original denial of certiorari was due to influence exerted by former Justice Abe Fortas. The plaintiffs alleged that Justice Fortas "had an interest in sabotaging our case * * *"

On the same day that the plaintiffs filed such petition for rehearing, they also filed a demand for arbitration of the case with the American Arbitration Association. However, no arbitration was subsequently undertaken.

At approximately the same time, plaintiff Walter Butterman corresponded with the United States attorney for the southern district of New York and alleged criminal violations by Walston of the federal securities laws. As a result of this complaint, the Securities and Exchange Commission sent a letter to Walston seeking further information about the matter.

On June 6, 1969, the plaintiffs began the present action in this district. On June 9, 1969, the United States Supreme Court denied the plaintiffs' petition to reopen the case.

 The foregoing suggests that the plaintiffs have been singularly ardent in pursuing their claim, but it does not show that they are vexatiously starting multitudinous suits designed solely to harass the defendants. Indeed, in the present action, the plaintiffs expressly recited that the instant claim is the same as that previously litigated. Thus, they have not covertly sought to have a new trial of the previous claim; they have been entirely open about it.

The day may come when repetitive actions by these plaintiffs will warrant an injunction under 28 U.S.C. § 1651, but in my view it is not presently justified. American Electrotype Co., Inc. v. Kerschbaum, 70 App.D.C. 241, 105 F.2d 764 (1939); Texaco, Inc. v. Fiumara, 232 F.Supp. 757 (E.D.Pa.1964). Cf. Clinton v. United States, 297 F.2d 899 (9th Cir. 1961); Meredith v. John Deere Plow Company of Moline, Ill., 261 F.2d 121 (8th Cir. 1958).

The rulings of this court on the preceding motions makes moot the other motions filed by the parties in the present action.

Now, therefore, it is ordered that the plaintiffs' motion for a default judgment against the defendants Walston and the Exchange be and it is hereby denied.

It is further ordered that the defendant Walston's motion to dismiss and the defendant Exchange's motion for summary judgment be and they hereby are granted.

It is further ordered that the defendant Walston's motion for an order permanently enjoining the plaintiffs from instituting further proceedings against Walston be and hereby is denied.

It is further ordered that the amended complaint of the plaintiffs in the present action be and hereby is dismissed.