**Lilly Mae Onie Lee Whitelaw HILLIARD,
Plaintiff-Appellant,**

v.

**John L. WILLIAMS et al.,
Defendants-Appellees.**

**Nos. 74-1356 to 74-1358.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 13, 1974.

Decided Aug. 2, 1976.

---

Dwayne D. Maddox, Huntingdon, Tenn., Julian P. Guinn, Paris, Tenn., for plaintiff-appellant.

Franklin Murchison, David R. Farmer, Roy Hall, Waldrop, Hall, Tomlin & Farmer, Jackson, Tenn., for defendants-appellees.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

In an opinion published at 516 F.2d 1344 (6th Cir. 1975), this court reversed the decision of the District Court and remanded this case to the District Court for further proceedings. We said:

The Supreme Court has granted certiorari in *Imbler v. Pachtman*, 500 F.2d 1301 (9th Cir. 1974), cert. granted, 420 U.S. 945, 95 S.Ct. 1324, 4 L.Ed.2d 423 (1975). It is suggested that the District Court postpone further proceedings in the present case until after the Supreme Court has announced its decision in *Imbler*.

Both John L. Williams, District Attorney General, and Donn Clark, agent for the Tennessee Bureau of Criminal Investigation, filed petitions for certiorari. The Supreme Court denied the petition of Clark. *Hilliard v. Clark*, 423 U.S. 1066, 96 S.Ct. 805, 46 L.Ed.2d 656 (1976).

Under date of March 22, 1976, 424 U.S. 961, 96 S.Ct. 1453, 47 L.Ed.2d 729, the Supreme Court granted the petition of Williams, vacated the decision of this court as to him, and remanded the case to this court for further consideration in the light of *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

On May 6, 1976, this court invited the attorneys for the parties to submit supplemental briefs. These briefs have been filed and considered. The attorneys for Hilliard undertake to distinguish this case from *Imbler*. We do not perceive any such distinction.

It is to be emphasized that, as reflected in our opinions reported at 465 F.2d 1212 (6th Cir. 1972) and 516 F.2d 1344 (6th Cir. 1975), this court strongly condemns the actions of District Attorney General Williams revealed by the record in this case. In the latter opinion we said:

Whether guilty or innocent, Mrs. Hilliard had a due process right to a fair trial. Defendant Williams withheld an F.B.I. report indicating that there was no blood on Mrs. Hilliard's jacket. Moreover, Williams failed to prevent or to correct deceptive and misleading testimony given by defendant Clark from which the jury could have concluded that the jacket was stained with the victim's blood. Further, it appears that Williams actually instructed Clark to testify at least evasively, if not falsely. We believe that by these acts and omissions defendant Williams deprived Mrs. Hilliard of her constitutional right to a fair trial.

516 F.2d at 1349.

Nevertheless, we conclude that under the decision in *Imbler*, Williams as a prosecuting attorney is not liable in damages to appellant Hilliard in this action filed under

42 U.S.C. § 1983. Accordingly, the judgment of this court is vacated as to John L. Williams and the case is remanded to the District Court with directions to dismiss the action as to him.

The judgment of this court as to Donn Clark will remain in full force and effect.

No costs are assessed. Each party will bear his own costs in this court.