Ray OMERNICK, Plaintiff,

v.

James E. DOYLE et al., Defendants.

No. 76–C–436.

United States District Court,
W. D. Wisconsin.

Jan. 27, 1977.

Ray Omernick, pro se.

James E. Doyle, pro se.

Bronson C. LaFollette, Wis. Atty. Gen., by Robert B. McConnell, Madison, Wis., for Daniel LaRocque and Peter J. Seidl.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff, proceeding pro se, commenced this action under 42 U.S.C. §§ 1983, 1985, and 1986, against the defendants Doyle and Seidl, a federal and state court judge, respectively, and the defendant LaRocque, a district attorney. The complaint alleges that all of the defendants are sworn to uphold the Constitution; that they "openly and flagrantly" violated the plaintiff's fifth and fourteenth amendment rights and 28 U.S.C. § 1447(c) by "remanding an action by telephone" on July 29, 1976; that they failed to notify him of the remand; and that they "entered into a known and willful plan" to violate the Constitution and federal laws. The complaint further alleges that the defendants LaRocque and Seidl prosecuted the plaintiff and refused to honor his appeal in violation of the Constitution and federal law. The plaintiff seeks $300,000 general and $900,000 punitive damages from the defendants.

The defendant Doyle has filed a motion for summary judgment, pursuant to Rule 56, Federal Rules of Civil Procedure. The defendants LaRocque and Seidl have filed a summary judgment motion and a motion to strike the allegations of the plaintiff's "answer" to their counterclaim. Additionally, those defendants request a permanent injunction preventing the plaintiff from instituting certain lawsuits in this court. The plaintiff has filed a motion to "continue hearing" with regard to the defendants' summary judgment motions.

I believe that the motions for summary judgment should be granted, the motion to strike should be granted in part, and the applications to "continue hearing" and for a permanent injunction should be denied.

## I. MOTIONS FOR SUMMARY JUDGMENT

Based on the record before me, I find that there is no genuine issue as to the following material facts: The defendant James E. Doyle is the United States district judge for the western district of Wisconsin; the defendant Peter J. Seidl is the county judge of Taylor County; the defendant Daniel L. LaRocque is the district attorney of Marathon County.

On July 29, 1976, the defendant LaRocque spoke by telephone to Ms. Malak, secretary to the defendant Doyle, concerning a petition filed by Mr. Omernick for removal of a state court criminal action to federal court. In accordance with the defendant Doyle's instructions, Ms. Malak informed the defendant LaRocque that someone would return his call after the defendant Doyle reviewed the case in question.

The defendant Doyle examined the case, 76–CR–52, and determined that the petition for removal was almost identical to a similar petition filed by Mr. Omernick in case 76–CR–51, an action previously remanded to state court by written order of the defendant Doyle. Judge Doyle promptly issued a written order remanding case 76–CR–52 to state court.

A federal court deputy clerk promptly filed the order, read it via telephone to the defendant LaRocque, and caused copies of it to be mailed to the plaintiff, the defendant LaRocque, and the Marathon County clerk of courts.

The clerk of courts for the western district of Wisconsin, whose work is supervised by the defendant Doyle, has established the practice of telephoning the appropriate state prosecuting attorney to inform him of the filing and effect of a petition for re-

moval to federal court of a state criminal action. When a written remand order is filed, the clerk or a member of his staff immediately calls the district attorney so that state criminal proceedings, if any, may be resumed against the removing state criminal defendant. The order is also mailed pursuant to 28 U.S.C. § 1447(c).

On July 30, 1976, the plaintiff filed a notice of appeal of Judge Doyle's July 29, 1976, remand order and a motion for leave to proceed on appeal in forma pauperis. In an order dated August 11, 1976, the defendant Doyle denied the plaintiff's motion to proceed on appeal in forma pauperis.

The defendant LaRocque caused criminal charges to be issued against the plaintiff for alleged violations of certain state laws. Judge Seidl has presided in numerous proceedings, and has made several rulings, relating to the state charges against Mr. Omernick. The defendants LaRocque and Seidl have discussed these actions with each other by telephone only to schedule an arraignment date. Those defendants have never discussed the state court actions with the defendant Doyle.

(A) Motion for Summary Judgment—The Defendant Doyle

▮ In *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Supreme Court held that a judge's common law immunity from liability for damages for acts performed within his judicial jurisdiction applies also to suits against him for damages under 42 U.S.C. § 1983. The Court described the purpose and scope of this immunity as follows:

"This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' (citations omitted) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse

the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation." 386 U.S. p. 554, 87 S.Ct. at 1218.

I find this rationale for applying judicial immunity in § 1983 damages actions equally germane to the § 1985 and § 1986 claims asserted in the instant case.

The above facts show that the defendant Doyle did not "[remand] an action by telephone," or enter into any plan with the other defendants to violate the plaintiff's constitutional rights. All of his actions were performed as part of his duties and in his capacity as United States district judge for the western district of Wisconsin. The defendant Doyle therefore is entitled to immunity from the plaintiff's claims for damages relating to these actions.

For these reasons, the defendant Doyle should have judgment as a matter of law, and I will grant his motion for summary judgment.

(B) Motion for Summary Judgment—The Defendants LaRocque and Seidl

The undisputed facts show that Judge Seidl did not "[remand] an action by telephone," enter into a plan to violate the plaintiff's constitutional rights, prosecute the plaintiff, or refuse to honor any appeal of the plaintiff. All of the defendant Seidl's actions were performed in his capacity as a judge. He is therefore immune from suit for damages for these actions under *Pierson v. Ray*, supra. The defendant Seidl's motion for summary judgment accordingly will be granted.

In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is immune from suit for damages under § 1983 for activities he performs which are "intimately associated with the judicial phase of the criminal process". The undisputed facts show that the defendant LaRocque

performed his activities in his capacity as district attorney of Marathon County in the judicial facet of that position. He therefore should receive immunity for those actions under *Imbler v. Pachtman*, supra, and his motion for summary judgment will therefore be granted.

## II. MOTION TO "CONTINUE HEARING"

██ The plaintiff has filed a motion to "continue hearing" on the defendants' summary judgment motions so that he may take depositions of the defendant LaRocque and of Mr. LaRocque's attorney. The plaintiff asserts that such discovery is necessary "to resolve the conflict" in certain exhibits attached to his motion.

These exhibits include transcripts of certain state criminal proceedings at which Messrs. Omernick, LaRocque, and Seidl were present, and copies of affidavits filed by the defendants in support of their summary judgment motions. The plaintiff has not specified what conflict is present among the documents. I find in them no discrepancies bearing on any fact material to the resolution of the summary judgment motions. Since the plaintiff offers no other ground for his request, the motion to "continue hearing" will be denied.

## III. MOTION TO STRIKE

██ The defendants LaRocque and Seidl have moved to strike all the allegations of the plaintiff's "answer" to their counterclaim. The counterclaim seeks, *inter alia*, injunctive relief "permanently restraining and enjoining [the plaintiff] from using the process of this court to attack, harass or sue any state officer or judge by reason of or in connection with any matter involving plaintiff's effort to obtain water for irrigation or involving any State of Wisconsin enforcement efforts to restrain and enjoin plaintiff from diverting water for the purpose of irrigation or agriculture without a permit." (Answer and counterclaim of defendants LaRocque and Seidl, p. 6).

Obviously, Mr. Omernick's "answer" is a reply to the counterclaim although it is not "denominated as such" as required by Rule 7(a), Federal Rules of Civil Procedure.

Paragraph (1) of the plaintiff's reply "[d]enies all defendants allegations." In my judgment, such a general statement in this pro se pleading is sufficient to withstand the defendants' motion to strike.

In paragraphs (2) and (3) the plaintiff requests depositions and discovery of certain persons. I construe these statements to be part of Mr. Omernick's motion to "continue hearing," above, and I have considered them in resolving that motion. Because paragraphs (2) and (3) are facially immaterial and totally unresponsive to the counterclaim, the defendants' motion to strike these paragraphs will be granted.

## IV. MOTION FOR PERMANENT INJUNCTION

██ As noted above, the defendants LaRocque and Seidl seek permanently to enjoin the plaintiff from instituting in this court any proceedings relating to his efforts to obtain water for irrigation or to the state's efforts to prevent him from diverting water without a permit. In support of the motion, the defendants have submitted the docket sheets of many cases filed in this district in which Mr. Omernick was a party, decisions in certain cases brought by Mr. Omernick, and orders by the court of appeals for the seventh circuit denying Mr. Omernick leave to proceed on appeal in forma pauperis on the ground that certain appeals would be frivolous. The attorney for the defendants LaRocque and Seidl has also filed an affidavit stating that he has represented defendants in other actions commenced by Mr. Omernick. He avers that most of those actions were brought for purposes of harassment and delay and that they lacked merit.

From these submissions, it appears that despite many adverse rulings in his cases, Mr. Omernick is a tenacious, indefatigable litigant. However, I am unable to conclude on the strength of the materials submitted that these suits are *always* and *solely* commenced for vexatious, illegitimate purposes.

In the past, I have declined to grant such a drastic remedy as that now requested, *Butterman v. Walston & Co.*, 308 F.Supp. 534, 537–8 (E.D.Wis.1970), and I also decline to do so on the record presently before me. Accordingly, the defendants' motion for a permanent injunction will be denied.

Therefore, IT IS ORDERED that the motion of the defendant James E. Doyle for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the motion of the defendants Daniel L. LaRocque and Peter J. Seidl for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the defendants LaRocque and Seidl to strike the plaintiff's reply to their counterclaim be and hereby is granted in part.

IT IS FURTHER ORDERED that the plaintiff's motion to "continue hearing" be and hereby is denied.

IT IS FURTHER ORDERED that the motion of the defendants LaRocque and Seidl for a permanent injunction be and hereby is denied.

IT IS FURTHER ORDERED that this action be and hereby is dismissed.