Louis WOLF, Plaintiff,

v.

Bernard CAREY, Defendant.

No. 77 C 870.

United States District Court,
N. D. Illinois, E. D.

Oct. 14, 1977.

546

Morris D. Witney, Chicago, Ill., for plaintiff.

John A. Dienner, III, Asst. State's Atty., Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of defendant pursuant to Fed.R. Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons hereinafter stated, the motion shall be granted.

Plaintiff was tried and convicted of arson with the intent to defraud an insurer in the Circuit Court of Cook County in 1974 (Indictment No. 73–144). He was sentenced to prison for one and one-half to four and one-half years and ordered to pay a $10,000 fine. His conviction was reversed by the Illinois Appellate Court for the First District (No. 60932) on August 11, 1977, for the failure of the State to prove him guilty beyond a reasonable doubt.

Subsequent to his conviction, plaintiff brought suit under 42 U.S.C. § 1983 against the two states' attorneys in charge of the prosecution against him. The late Judge Lynch found the two states' attorneys immune from prosecution and dismissed the action on the authority of *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d

128 (1976) [hereinafter *Imbler*]. *See* No. 75 C 3807 (N.D.Ill. Apr. 13, 1976).

Plaintiff has filed this action against Bernard Carey, States' Attorney of Cook County, alleging a deprivation of his civil rights under 42 U.S.C. § 1983. Plaintiff has invoked this court's jurisdiction under 28 U.S.C. § 1343. He alleges that defendant Carey violated his civil rights by acting jointly with the law firm of Epton, McCarthy, Bohling and Druth, as well as the American Casualty Company of Reading, Pennsylvania, under color of state law, by unlawfully prosecuting him for the crime of arson. He further alleges that Carey concealed evidence favorable to him and that he knowingly used perjured testimony at his trial.

Defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted. He argues, *inter alia*, that he is absolutely immune from this civil suit as he was acting within his official duties. He further contends that public comment, or any defamation resulting therefrom, is not an actionable constitutional tort under the Civil Rights Act.[1]

The question of prosecutorial immunity from civil suit was recently considered by the Supreme Court in *Imbler*, *supra*. The Court held that a state prosecuting attorney is not amenable to suit under § 1983 so long as he is acting within the scope of his quasi-judicial duties in "initiating a prosecution and in presenting the State's case." The question in this case, therefore, is whether plaintiff's allegations concerning defendant Carey fall within the scope of the *Imbler* grant of immunity. If they do, the complaint must be dismissed.

■ The court accepts plaintiff's allegations as true for purposes of a motion to dismiss. *Brainerd v. Potratz*, 421 F.Supp. 836, 840 (N.D.Ill.1976). The court is of the opinion that the allegations clearly concern defendant Carey in his quasi-judicial role rather than as an administrator. The preparation of an indictment against Wolf by Carey as the Cook County Prosecutor falls within the *Imbler*, *supra*, 424 U.S. at 431, 96 S.Ct. 984, grant of immunity as the "initiation" of a prosecution. *Omernick v. Doyle*, 426 F.Supp. 404, 406–07 (W.D.Wis.1977). The allegations of use of perjured testimony and suppression of exculpatory information also clearly fall within the *Imbler* grant of immunity. Precisely the same allegations were considered in *Imbler* and found to be matters within the civil immunity of a prosecutor. *Imbler*, *supra*, 424 U.S. at 431 n. 34, 96 S.Ct. 984. *See also Hilliard v. Williams*, 540 F.2d 220, 221 (6th Cir. 1976).[2] Moreover, reversal of plaintiff's conviction on appeal does not affect the applicability of the *Imbler* grant of prosecutorial immunity. *See Hilliard v. Williams*, *supra*, where the Sixth Circuit directed the District Court to dismiss a section 1983 civil rights action, despite reversal of plaintiff's conviction on appeal.

■ The court is further of the opinion that the allegations of false, inflammatory, and degrading television comments by the defendant prior to plaintiff's indictment concerning the plaintiff and Albert Berland, an apartment owner, calling them slumlords, and charging them with burning down unprofitable buildings for the insurance proceeds, does not state a violation under 42 U.S.C. § 1983. Defendant in his motion to dismiss characterizes this as an allegation of slander and public comment by a public official protected from civil

1. Carey has filed an affidavit in support of his position stating that he was not personally involved in the prosecution of Louis Wolf. The court will ignore it. *See* Fed.R.Civ.P. 12(b).

2. The Court in *Imbler*, *supra*, 424 U.S. at 425, 96 S.Ct. 984, stated that the prosecutor's possible knowledge of a witness' falsehoods and the materiality of evidence not revealed to the defense are typical of issues that judges struggle with in actions for post-trial relief, sometimes to differing conclusions. The plaintiff has previously sought this appropriate relief. Similar allegations of suppression of evidence were dismissed in a state habeas corpus petition (H C 47933) now pending on appeal in the Illinois Appellate Court for the First District (No. 63041) and in a federal habeas corpus petition considered by Judge Leighton of this court (No. 76 C 2147).

liability by the Court's holding in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), and the First Amendment. In his reply memorandum plaintiff asserts that this allegation refers to a denial of his civil rights and is not an allegation of public comment or slander. Plaintiff's conclusive declaration that his civil rights were violated, however, is not enough to establish a section 1983 claim.

■ Examining the allegation made, the court finds no specific constitutional guarantee safeguarding the interest asserted. If the allegation concerning Carey's statements on television is to be characterized as slander or public comment, this alleged defamation by a public official is not a deprivation of liberty within the meaning of the due process clause of the Fourteenth Amendment. *Paul v. Davis, supra* at 702, 96 S.Ct. 1155. Furthermore, even if the defendant's conduct is characterized as a denial of civil rights, defendant's television comments still constitute public comment falling within the civil immunity of a public official and thus does not constitute the requisite denial of due process to sustain a section 1983 action. *Id.* at 713, 96 S.Ct. 1155. Lacking a theory of recovery in this and the other allegations based on rights secured by the Fourteenth Amendment, the plaintiff has no action against the defendant under section 1983. *Id.* at 713–14, 96 S.Ct. 1155.

For the reasons stated, it is therefore ordered that defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted shall be, and the same is hereby, granted, and the action is dismissed.