61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gary W. MORTON, Plaintiff-Appellant,
v.
James GREER, James H. Thieret, Michael P. Lane, and J.W.
Fairman, Defendants-Appellees.
 No. 93-3263.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 18, 1995.[1]
Decided May 18, 1995.
 
 Appeal from the United States District Court, for the Southern District of Illinois, Benton Division, No. 90 C 4080; J. Phil Gilbert, Judge.
 S.D.Ill.
 DISMISSED IN PART, AFFIRMED IN PART.
 Before POSNER, Chief Judge, and CUMMINGS, and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Gary W. Morton, a state prison inmate, filed this civil rights action pursuant to 42 U.S.C. Sec. 1983, alleging Eighth Amendment cruel and unusual punishment violations and alleging Fourteenth Amendment equal protection violations for failure to protect plaintiff, a former prison guard, from attacks by other inmates, and for assigning him to a maximum security prison. After the close of evidence in a jury trial, the district court entered a partial judgment in favor of defendants as a matter of law as to certain counts; and the jury returned a verdict for defendants on the remaining counts.
 
 
 2
 In this appeal, plaintiff's pro se brief cites no law, and is filled with nonsensical arguments. See Fed. R. App. P. 28(a)(5). Pro se litigants are not held to the same standard as counseled litigants, Glick v. Gutbrod, 782 F.2d 754, 755 n.1 (7th Cir. 1986), but we have often warned that even a pro se appeal will be dismissed "where the brief submitted contains no identifiable argument." McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir. 1984). Plaintiff's brief also contains no jurisdictional statement, no statement of the case, a statement of facts without citation to the record, and no appendix. See Fed. R. App. P. 28; Circuit Rule 28.
 
 
 3
 In addition, plaintiff failed to have a transcript prepared and included in the appellate record. The failure to provide this court with relevant portions of the transcript pursuant to Fed. R. App. P. 10(b) provides a ground for dismissal of the appeal. Woods v. Thieret, 5 F.3d 244, 245 (7th Cir. 1993); Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir. 1989), cert. denied, 493 U.S. 1020 (1990). Plaintiff offers only his own unsworn and contradictory statements that he believed either: (1) that seven years ago, a magistrate judge told him he could not get a free transcript, or (2) that the transcript was supplied automatically. The following issues are dismissed from the appeal because they cannot receive meaningful review absent a trial transcript: whether the evidence supported the district court's decision to enter judgment as a matter of law at the close of all evidence in regard to defendants Fairman and Lane on all claims, and in favor of all defendants on the claims of denial of equal protection and for punitive damages; and whether the evidence supported certain jury instructions.
 
 
 4
 As to the other issues, we hold that the district court did not abuse its discretion, see Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986), in denying plaintiff's motion for change of venue, because the motion was based only on an unsupported assertion that in East St. Louis, which has a large black population, a fair trial is not possible for a white defendant alleging reverse discrimination. Cf. Dunham v. Franks Nursery & Crafts, Inc., 919 F.2d 1281 (7th Cir. 1990), cert. denied, 501 U.S. 1205 (1991) (litigants in civil cases prohibited from excluding jurors based upon their race).
 
 
 5
 Plaintiff argues that he should have been granted a motion for continuance one week prior to trial, but we find that no abuse of discretion occurred, see Mraovic v. Elgin, Joliet & Eastern Railway Co., 897 F.2d 268, 270 (7th Cir. 1990), because plaintiff had five years to prepare for trial, and the continuance was sought in the event that his attorney's motion to withdraw was granted, which it was not. The district court was also entitled to exercise its discretion by denying the attorney's motion to withdraw, see Lewis v. Lane, 816 F.2d 1165, 1169 (7th Cir. 1987), since the motion was presented only a week before trial, and the case had already been pending for five years.[2]
 
 
 6
 Plaintiff also argues that his appointed counsel was ineffective. A plaintiff in a civil case has no Sixth Amendment right to effective assistance of counsel. Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir. 1991); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980).
 
 
 7
 For the foregoing reasons, the issues raised that require our review of the trial transcript are DISMISSED, and as to the remaining issues, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 Moreover, the disagreements between plaintiff and his attorney concerned relatively subsidiary tactical matters such as whether there should be 10 or 50 exhibits offered at trial, and whether the trial should take 1-1/2 or 7 days. See Butterman v. Waltson & Co., 387 F.2d 822 (7th Cir. 1967), cert. denied, 391 U.S. 913 (1968)